OPINION OF THE COURT
Herman Cahn, J.
Plaintiff, the owner of premises 420 East 55th Street, New York, New York, seeks to obtain a declaratory judgment, that the apartment occupied by defendant, is not her primary residence. Defendant argues that such a finding would deprive defendant of some of the rights afforded by the various tenant protection acts, including specifically the right to a renewal lease.
Defendant moves to dismiss the complaint pursuant to CPLR 3211 for failure to comply with the notice requirements of section 5 (subd a, par [11]) of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4, as amd) and section YY51-3.0 (subd a, par [1], cl [f]) of the Administrative Code of the City of New York prior to commencing the action.
*439 The 1983 amendment to section 5 (subd a, par [11]) of the Emergency Tenant Protection Act of 1974 (L 1983, ch 403, § 55) provides in part “No action or proceeding shall be commenced seeking to recover possession on the ground that a housing accommodation is not occupied by the tenant as his primary residence unless the owner or lessor shall have given thirty days notice to the tenant of his intention to commence such action or proceeding on such grounds.” The 1983 amendment (L 1983, ch 403, § 41) to the New York City Rent Stabilization Law (Administrative Code, § YY51-3.0, subd a, par [1], cl [f]) is identical to the above-mentioned provision. Defendant contends that plaintiff’s failure to have provided such notice is fatal to the within action and that the action must be dismissed. Plaintiff’s contention is that the within action merely seeks a declaration of rights and is not one to “recover possession”.
While it is technically correct that the action is not one to recover possession it is apparent that this action is a step taken towards that end. Plaintiff seeks a declaration of legal rights, specifically, “that the subject apartment is exempt and/or excluded from * * * protection by the virtue of the fact that the defendant Grace Gawthrop Bush does not occupy or utilize the subject apartment as his primary residence”. Elsewhere, the complaint states that an expeditious adjudication of rights is needed “specifically as to whether or not the plaintiff is entitled to possession”. Although actual recovery of possession cannot be accomplished in this declaratory judgment action alone, a finding of nonprimary residence in this action would be res judicata in a subsequent proceeding in which possession could be recovered. To permit the within action to proceed despite the failure to provide the requisite 30-day notice under the Emergency Tenant Protection Act and Administrative Code (discussed above) would effectively allow plaintiff to circumvent the notice requirement yet conceivably achieve the same result — recovery of possession. Tenant is entitled to 30 days’ notice. To adhere to the letter of the law in this situation would violate the intention of the Legislature (Matter of Wilson v Board of Educ., 39 AD2d 965) to insure notice and an opportunity to cure. *440 Such a strict reading of the statute would lead to an unjust and unreasonable result (supra).
The court is aware of and has carefully considered the decision of another Justice on a similar motion involving the same plaintiff and same legal issue (Sutton Assoc. v Edelman, March 22,1984, index No. 2917/84), but respectfully disagrees with the conclusion reached therein. This action, named as one for declaratory judgment, was not properly commenced due to the plaintiff landlord’s failure to provide the notice required by statute. The action must therefore be dismissed.
The motion is granted.