■ W.T. Associates, Appellant-Respondent, v Jerrold Glauber, Respondent-Appellant.—Judgment (denominated an order), Supreme Court, New York County (David B. Saxe, J.), entered July 21, 1988, which granted defendant's motion pursuant to CPLR 3211 (a) (2) and (7) to dismiss plaintiff's action seeking a declaratory judgment that defendant's apartment is not his primary residence, unanimously modified, on the law, to declare that, because of its failure to serve the 30-day notice required by Rent Stabilization Code (9 NYCRR) § 2524.4 (c), plaintiff is estopped from denying defendant renewal of his lease based upon nonprimary residency and is directed to offer a renewal lease to defendant and, as so modified, the judgment is otherwise affirmed, without costs.

Section 2524.4, which became effective May 1, 1987, provides that an owner shall not be required to offer a renewal lease to a tenant where the housing accommodation is not occupied by the tenant as his or her primary residence; provided, however, that no action or proceeding shall be commenced seeking to recover possession on such grounds unless the owner shall have given 30 days' written notice to the tenant of his or her intention to commence such action or proceeding. The section 2524.4 notice may be combined with the written notice required to be given to the tenant pursuant to section 2524.2 (c) (2), requesting him or her, at least 120 and not more than 150 days prior to the expiration of the lease term, to vacate or surrender possession, the grounds for such request, the facts underlying the grounds, and the date when the tenant is required to surrender possession.

As the IAS court properly found, the letter dated July 6, 1987 fulfilled the requirements of section 2524.2 (c) (2), but did not include the 30-day notice required by section 2524.4 (c).

Plaintiff landlord seeks to avoid this latter requirement by styling its action as one merely seeking a declaration of rights and not one to recover possession of the premises. This rationale has been rejected by this court in cases involving both the 150-120-day and the 30-day notice requirements. *(See, 615 Co. v Mikeska,* 146 AD2d 452, *lv granted* 148 AD2d 1018; *Park House Partners v DeIrazabal,* 140 AD2d 84; *Metzendorf v 130 W. 57 Co.,* 132 AD2d 262; *Sutton Assocs. v Bush,* 125 Misc 2d 438, *affd* 108 AD2d 1106, *lv denied* 65 NY2d 606.) Although technically a declaratory judgment action is not one to recover possession, and actual recovery of possession cannot be achieved in this action alone, it is apparent that it is a step taken towards that end, and to permit this action to proceed despite plaintiff's failure to provide the requisite 30-day notice would effectively allow it to circumvent the notice requirement yet conceivably achieve the same result—recovery of possession. *(Sutton Assocs. v Bush, supra,* at 439.)

In so ruling, we do not express any opinion regarding the merits of the nonprimary residency issue. We also note that, since this is an action for a declaratory judgment, the proper remedy is to declare for the successful party, not to dismiss the complaint. *(Cohen v Employers Reinsurance Corp.,* 117 AD2d 435, 437.) Concur—Kupferman, J. P., Carro, Asch, Wallach and Smith, JJ.