■ PETER WEIDEN, Individually and as Coadministrator of the Estate of PAUL L. WEIDEN, Deceased, et al., Appellants, v 926 PARK AVENUE CORP. et al., Respondents.—Judgment of the Supreme Court, New York County (Gaspar S. Fasullo, J.H.O., after reference by order of Xavier Riccobono, J., dated Jan. 26, 1988), entered on or about September 6, 1988, which, *inter alia,* granted the motion by defendants 926 Park Avenue Corp. and Sulzberger Rolfe, Inc., after hearing, to dismiss the complaint, and awarded defendants recovery on their counterclaim for use and occupancy, is unanimously modified, on the law and facts, to delete decretal paragraphs 6, 7 and 8, which direct plaintiff Peter Weiden to surrender possession of the subject premises, and otherwise affirmed, without costs or disbursements.

We agree with the findings of the Judicial Hearing Officer that plaintiff Peter Weiden was not a tenant of the subject premises nor was it his primary residence during the tenancy of his father, Paul Weiden. Accordingly, plaintiff was not entitled to a renewal lease in his name after the death of his father *(see,* 9 NYCRR 2523.5 [b] [1]-[2]).

Further, there was sufficient evidence in the record for the Judicial Hearing Officer to establish use and occupancy for the apartment at $1,500 a month. Plaintiff's claim that the rent should have been limited to an amount allowed under the rent stabilization guidelines is without merit, since plaintiff was not a lawful tenant of a rent-stabilized apartment.

However, in this declaratory judgment action, the reference was limited to determine plaintiff's entitlement to a renewal lease under the Rent Stabilization Code, and if not, the amount of use and occupancy to be paid by him from September 1985 to date. Thus, in directing that defendants recover possession of the premises, that the Sheriff remove plaintiff from the premises and that plaintiff surrender the premises, the Judicial Hearing Officer went beyond the scope of the reference.

In addition, the defendants accepted rent from plaintiff, making him a month-to-month tenant *(see,* Real Property Law § 232-c) and thus entitled plaintiff to a 30-day notice by defendants of an intention to commence an action or proceeding to recover possession (Real Property Law § 232-a; 9

NYCRR 2504.4 [d]; *see also, Sutton Assocs. v Bush,* 125 Misc 2d 438, *affd* 108 AD2d 1106). Concur—Sullivan, J. P., Carro, Asch and Rosenberger, JJ.