■ PETER A. LOUIS, Respondent, v MARION K. BARTHELME, Appellant.

Plaintiff-landlord commenced this action for a declaration that defendant is not entitled to succeed to the rights of a rent-controlled tenant of the apartment in question and that

plaintiff should be accorded immediate possession and a judgment granted ejecting defendant therefrom. According to the complaint, Donald Barthelme, now deceased, was the tenant-of-record of the premises and, at the time of his death, was residing in Houston, Texas and had done so for some years and that defendant, who was the deceased's wife and is now the representative of his estate, had lived with him in Texas and continues to reside there subsequent to his death. Thus, the complaint concluded, defendant had "neither resided contemporaneously with Barthelme at the subject apartment for any significant period of time, nor had she contemporaneously resided with Barthelme at the subject apartment for a period of years immediately preceding the death of Barthelme". In her answer, defendant stated that she had lived in the apartment with Barthelme since 1972 and that they were married in 1978, that she and her husband's temporary absences from New York were work related, and, in one of her affirmative defenses, she urged that the Barthelmes' daughter is entitled to succeed to the tenancy.

In a separate motion, plaintiff sought an order directing defendant to pay for all use and occupancy, which was granted by the court in a decision that noted that "[t]he issue in this case is one of primary residence." The landlord then moved for a default judgment but this was denied on condition that the tenant pay all outstanding arrears within 30 days. Defendant's instant motion for summary judgment dismissing the complaint is based on plaintiff's failure to comply with the mandatory notice requirements of Rent Control Law (Administrative Code of City of New York) § 26-403 (e) (2) (i) (10) (see also, McKinney's Uncons Laws of NY § 8625 [a] [11] [Emergency Tenant Protection Act § 5 (a) (11); L 1974, ch 576, § 4, as amended]). In that regard, defendant contends that while she and her husband did live in Texas part of the time since he was a college teacher there, they spent their holidays, vacations and summers in New York and continued their primary residence in New York; indeed, they paid New York taxes although Texas residents may avoid any State or local income taxes, and defendant is registered to vote in New York and has a New York State driver's license. Defendant further asserts, and plaintiff does not dispute, that she never received a 30-day notice of plaintiff's intention to commence an action against her. The landlord does deny that such a notice was necessary in this case in that, he claims, he is not endeavoring to recover possession because of non-primary residence but is, instead, requesting a declaration that defendant is not entitled

to succeed to the rights of a rent-controlled tenant, either in her individual or representative capacity.

In denying defendant's motion for summary judgment dismissing the complaint, the court observed that "as plaintiff points out, the grounds on which plaintiff seeks the apartment are that defendant is not entitled to assert her succession rights based on her failure to reside in the apartment with her husband prior to his death." However, it was error for the court to decline to grant the motion for summary judgment dismissal. The distinction which plaintiff is endeavoring to make between an action to recover possession for non-primary residence and one for a declaration that defendant may not succeed to the rent-controlled tenancy as a result of non-primary residency is mere semantics and without substance *(see, Metzendorf v 130 W. 57 Co.,* 132 AD2d 262). As this court stated in *Metzendorf v 130 W. 57 Co. (supra,* at 269): "The landlord urges that it did not commence an action or proceeding to recover possession of the premises on the ground that the premises were not occupied by the tenant as his primary residence, and that therefore the requirement that the landlord give notice of its intention to commence such an action is inapplicable in the procedural context here presented. However, we hold that if it should be determined after trial that the landlord did in fact rent the premises to the tenant with knowledge that the premises would be used by the tenant primarily for residential purposes, or renewed the most recent lease with knowledge of such use by the tenant, then the landlord cannot be excused from the 30-day notice requirement".

Similarly, in *Park House Partners v DeIrazabal* (140 AD2d 84, 88, *lv dismissed* 73 NY2d 866) we explained, in referring to *Sutton Assocs. v Bush* (125 Misc 2d 438, *affd* 108 AD2d 1106, *lv denied* 65 NY2d 606), that "by our affirmance in *Sutton (supra),* we expressly recognized that an action for a declaratory adjudication of nonprimary residency was in effect an 'action or proceeding * * * to recover possession' thus calling into play the notice provisions of section 5 (a) (11) of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4, as amended) (codified at McKinney's Uncons Laws of NY § 8625 [a] [11]), and Administrative Code of the City of New York § YY51-3.0 (a) (1) (f). Having so characterized nonprimary residence declaratory judgment actions, there exists no principled basis for exempting them from the nonrenewal notice provisions of the Rent Stabilization Code, which now go under the general heading of 'termination notices' *(see,* cur-

rent Rent Stabilization Code § 2524.2)". We then proceeded to note, citing *Elwick Ltd. v Howard* (65 NY2d 1006), *Golub v Frank* (65 NY2d 900) and *Crow v 83rd St. Assocs.* (68 NY2d 796), that the Court of Appeals therein has made clear the applicability of notice provisions to declaratory judgment actions. Thus, "[n]owhere in those decisions is there a scintilla of support for the proposition * * * that notwithstanding the owner's failure to give notice there still exists a residual entitlement to a declaration" *(Park House Partners v DeIrazabal, supra,* at 88-89). There is simply no significant difference between the holding in the various foregoing legal authority and the present situation since irrespective of the procedural guise of this matter, plaintiff is attempting to have the court determine that the subject apartment was not the tenant's primary residence without satisfying the requisite 30-day statutory notice provision *(see also, W.T. Assocs. v Glauber,* 153 AD2d 538).

In any event, the issue of succession rights to a rent-controlled apartment is governed by 9 NYCRR 2204.6, which prohibits the removal of a person who is either the surviving spouse of the deceased tenant or some other member of the family who has been living with the tenant *(Greenberg v Coronet Props. Co.,* 167 AD2d 291). Defendant herein is the deceased's surviving spouse, a fact not only accepted without challenge by the landlord but even alleged by him in his complaint, and there is absolutely no question that she has the right to succeed to her late husband's rights as a rent-controlled tenant. Therefore, the only real issue here involves primary residency, and in that respect plaintiff did not supply the mandatory 30-day notice. Consequently, the motion for summary judgment dismissing the complaint should have been granted. Concur—Sullivan, J. P., Milonas, Ellerin and Kupferman, JJ.