■ FOUR WINDS ASSOCIATES, Appellant, v LEONORE RACHLIN, Respondent. [669 NYS2d 650] —In an action for a judgment declaring, *inter alia,* that the defendant was not entitled to a renewal lease because she was not occupying the subject rent-stabilized apartment as her primary residence, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Phelan, J.), entered January 10, 1997, as, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is modified by adding thereto a provision declaring that the defendant is entitled to a renewal lease of the subject rent-stabilized apartment; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

The trial court properly determined that the defendant, the lessee of the rent-stabilized apartment, was entitled to a renewal lease (*see,* Emergency Tenant Protection Regulations [9 NYCRR 2500.9 (k)]; McKinney's Uncons Laws of NY § 8625 [a]

[11]). The burden was on the plaintiff landlord to establish by a fair preponderance of the evidence that the defendant maintained her primary residence in a place other than the subject premises (*see, Sharp v Melendez,* 139 AD2d 262). In considering the issue, it was appropriate for the court to evaluate the entire history of the tenancy (*see, 615 Co. v Mikeska,* 75 NY2d 987). Although the defendant owns a condominium in Florida, registered her automobile there, and has a restricted Florida driver's license, the proof demonstrated that, *inter alia,* she votes in New York, pays New York income taxes, possesses a New York State driver's license, receives ongoing care from medical professionals in New York, and keeps her clothing in the New York apartment which is the subject of this action. Indeed, the defendant even withdrew an application for a Florida homestead exemption because she does not consider the Florida premises to be her primary residence. Accordingly, the objective evidence adduced at trial amply supports the court's conclusion that the subject premises constitutes the defendant's primary residence.

We note that since this is a declaratory judgment action, the Supreme Court should have directed entry of a declaration in favor of the defendant rather than dismissing the complaint (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The defendant's request for sanctions is denied (*see,* 22 NYCRR part 130).

The plaintiff's remaining contentions are unpreserved for appellate review or do not require reversal. O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.