OPINION OF THE COURT
Per Curiam.
Final judgment entered April 4, 1997 reversed, with $30 *84 costs, and final judgment granted in favor of tenant dismissing the holdover petition.
In this holdover proceeding, landlords seek possession of tenant’s loft unit situated in an interim multiple dwelling upon the ground of nonprimary residence (see generally, Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 66 NY2d 298). Tenant commenced occupancy in 1978 and, during the period November 1993 through August 1996, was institutionalized in various residential facilities for treatment of depression and substance abuse. He was discharged prior to trial of the proceeding and resumed occupancy in the premises, albeit subsequent to service of the termination notice.
As noted by the trial court in its decision, the facts are not substantially in dispute. We disagree, however, with the court’s legal conclusion that the 41-year-old tenant relinquished the loft as his primary residence. Unlike cases involving aged tenants confined in a nursing home facility who are unable to demonstrate an ability to return to the regulated premises (see, Matter of L.J.M. Venture No. 1 v Joy, 105 Misc 2d 291; 65 Cent. Park W. v Greenwald, 127 Misc 2d 547), this tenant was residing in transitional homes designed to prepare patients for a return to independent living. Indeed, the trial evidence indicates that tenant had already made a successful return to the loft — where his meager belongings always remained— without relapse.
Manifestly, tenant was precluded from maintaining “ ‘an ongoing, substantial, physical nexus with the controlled premises for actual living purposes’ ” (Sommer v Ann Turkel, Inc., 137 Misc 2d 7, 10) during his involuntary absence for medical reasons. We view this absence as excusable, for purposes of nonprimary residence, where the institutionalization was transitory, not permanent in nature; where there was no abandonment of the premises or establishing of any new residence; and where a resumption of occupancy has taken place (Cohen & Zerenowitz Realty Corp. v Asero, NYLJ, Nov. 21, 1991, at 26, col 4 [App Term, 1st Dept]; Soybel v Gruber, 136 Misc 2d 430).
Since landlords did not meet their burden of proving that tenant does not occupy the loft as his primary residence, or maintains a primary residence at a place other than the subject premises (Sharp v Melendez, 139 AD2d 262, 264), the petition *85 must be dismissed. We note that landlords have not appeared on this appeal.
Parness, J. P., McCooe and Dávis, JJ., concur.