OPINION OF THE COURT
Per Curiam.
Orders dated March 25, 1998 and April 10, 1998 affirmed, with $10 costs.
The objective evidence in the record establishes beyond dispute that tenant was absent from and did not occupy the subject rent-stabilized apartment premises for actual living purposes during the most recent renewal term which expired May 31, 1997. Numerous documents — including leases and lease applications signed by tenant, a verified complaint in a Federal lawsuit, and an application for a business loan — demonstrate that tenant and her husband principally resided at various addresses in New Jersey and Pennsylvania during the period in question. Tenant’s attempt to “re-establish” her residence in the Manhattan apartment by returning in May 1997, at the end of the lease term and months after service of the notice of nonrenewal, is unavailing (Berwick Land Corp. v Mucelli, 249 AD2d 18). Similarly, tenant’s purported “cure” of her nonprimary residence pursuant to RPAPL 753 is without basis. This holdover proceeding is not premised upon a breach of lease, but upon a statutory exemption for nonrenewal of the lease. “It was * * * not the intent of the Legislature, in exempting apartments not used as a primary residence, to give the nonprimary tenant the opportunity to periodically pose as a primary resident, only to conveniently revert to the status of a nonprimary resident during the overwhelming balance of the lease term” (Lufkin v Drago, 126 Misc 2d 177, 179, affd 129 Misc 2d 1108; Matter of Stahl Assocs. Co. v State Div. of Hous. & Community Renewal, Off. of Rent Admin., 148 AD2d 258).
The notice of nonrenewal, measured against the standard of reasonableness, fairly apprised tenant of the facts underlying the proceeding (Hughes v Lenox Hill Hosp., 226 AD2d 4, 18). We have considered tenant’s remaining points and find them without merit.
Parness, P. J., McCooe and Davis, JJ., concur.