OPINION OF THE COURT
Per Curiam.
Final judgment entered on or about April 26, 1999 reversed, with $30 costs, and final judgment of possession is awarded in favor of landlord on the holdover petition.
In this summary holdover proceeding to recover possession of a rent-stabilized apartment on nonprimary residence grounds, Civil Court made the following findings of fact after trial: (1) the tenant is “underutilizing” the subject West 75th Street apartment, having stayed overnight at the premises only seven times between April 1997 and May 1998; (2) tenant’s friend, respondent undertenant Larsson, resided in the subject apartment “for months” during that same time frame; (3) during the most recent 24-month renewal period (July 1996-June 1998), the tenant spent a substantial portion (roughly half) of her time in Florida, staying either in her parents’ Clearwater apartment or with various friends; and (4) “[w]hen in New York [tenant] spends a lot of time” at a nearby apartment on Central Park West leased to an individual named Sudarsky, with whom tenant shared an “intimate relationship.” The trial court summed up the tenant’s occupancy of the subject apartment in this manner: “Between going to Florida, visiting friends, and going to Mr. Sudarsky’s apartment, [tenant] spends relatively little time in the [subject] apartment.” The principal reason given by tenant for her acknowledged sporadic occupancy of the subject apartment — the claimed presence of asbestos — was found by the trial court to be a mere “afterthought” and “not credible.” Despite these facts and credibility determinations strongly adverse to tenant’s litigation position, Civil Court ultimately dismissed the holdover petition, noting that “underutilization alone is not sufficient to show non primary residence” and that landlord had failed in its burden to “identify another place other than the subject premises where respondent [tenant] primarily resides.”
Our authority to review the record developed at the bench trial and render the judgment warranted by the facts is as broad as that of the trial court (Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499; Nestor v Britt, 213 AD2d 255). Exercising that authority here, and adopting the trial court’s own fully supported factual find *282 ings of “underutilization,” we conclude that tenant’s occupancy of the subject apartment “did not constitute the type of ‘ongoing, substantial, physical nexus with the [regulated] premises for actual living purposes’ * * * that would justify affording the tenancy continued protection under the rent stabilization laws.” (Berwick Land Corp. v Mucelli, 249 AD2d 18, 19.)
Granted, the fact that a tenant spends relatively little time in a regulated apartment may not alone suffice for a finding of nonprimary residence, at least in circumstances where the tenant’s absence is attributable to a credible, excusable reason (see, Coronet Props. Co. v Brychova, 122 Misc 2d 212, affd 126 Misc 2d 946; Katz v Gelman, 177 Misc 2d 83; see also, Claridge Gardens v Menotti, 160 AD2d 544). Significantly, however, the tenant’s attempts herein to explain away her limited use of the regulated apartment premises — centering largely upon an illusory constructive eviction theory based on claimed asbestos contamination — were flatly (and appropriately) rejected by the trial court. To the extent that tenant sought to justify her frequent and prolonged absences from the subject apartment on the basis of the itinerant nature of her singing career, her unsubstantiated assertions in this regard were not directly addressed by the trial court and, even if accepted, would provide no excusable reason for the tenant’s demonstrated failure to regularly reside in the subject apartment during her stays in New York City.
Nor does the record support a finding that the landlord failed to satisfy its evidentiary burden at trial. While there is appellate authority for the proposition that the burden is on the landlord in a nonprimary residence case to establish that the tenant maintains a primary residence in a place other than the subject premises (Sharp v Melendez, 139 AD2d 262, 264, lv denied 73 NY2d 707; Four Winds Assocs. v Rachlin, 248 AD2d 352, 353; but see, Katz v Gelman, supra, 177 Misc 2d, at 84-85), this language should not be read to require a landlord to pinpoint with certainty the precise location of a tenant’s primary residence in a situation where, as here, the tenant is shown to spend considerable amounts of time at several different alternate addresses. The landlord clearly met its evidentiary burden in this case by establishing, through preponderant evidence, that during the relevant time period the tenant did not actively use the regulated apartment premises for dwelling purposes and instead regularly lived in multiple residences elsewhere (see, 45th St. Assocs. v Spence, 180 Misc 2d 93). Any perceived uncertainty as to which of the alternate *283 addresses shown to be used by tenant actually constituted her principal residence should not serve to deprive the landlord of its possessory remedy on nonprimary residence grounds otherwise firmly established at trial.
In light of this disposition, the issue raised on tenant’s cross appeal is rendered academic.
The decision and order of this Court entered herein on December 14, 2000 (187 Misc 2d 607) is hereby recalled and vacated.
Parness, P. J., Davis and Suarez, JJ., concur.