OPINION OF THE COURT
Per Curiam.
Final judgment entered on or about June 17, 2002 affirmed, with $25 costs.
*364 The trial evidence, fairly interpreted, supports Civil Court’s conclusion that tenant does not primarily reside in the subject studio apartment. The record clearly establishes that tenant— along with a woman who tenant described at trial as his “long-term girlfriend” — spent substantial amounts of time throughout the tenancy in a series of residences other than the studio apartment here at issue. Among the alternate residences used by tenant and his companion were two separate two-bedroom apartments overlooking Central Park, one located in the subject building (116 Central Park South) and the other located nearby (128 Central Park South), an apartment in Nice, France, and a “country home” in Garrison, New York. This varied and far-flung residency pattern was confirmed in large measure in the application submitted by tenant in connection with his 1996 rental of the two-bedroom apartment located at 128 Central Park South, in which tenant stated his intention to occupy that apartment with a named “Live-in Companion (12-years),” identified his “Current Address” as the Garrison, New York, property without referencing the subject studio apartment, explained his reason for moving into the two-bedroom apartment as “selling country home,” and listed among his “Banking * * * References” checking and securities accounts maintained in a Monte Carlo bank.
Evaluating the entire history of the tenancy (see, 615 Co. v Mikeska, 75 NY2d 987, 988 [1990]), including the so-ordered stipulation entered into by tenant and the predecessor landlord purporting to waive the rent stabilization primary residence requirements (see, Rocky 116 v Weston, 284 AD2d 139 [2001]), we agree with the trial court that tenant’s limited occupancy of the subject studio apartment did not constitute the type of “ ‘ongoing, substantial physical nexus with the controlled premises for actual living purposes’ * * * that would justify affording the tenancy continued protection under the rent stabilization laws.” (Berwick Land Corp. v Mucelli, 249 AD2d 18, 18-19 [1998].) Any “uncertainty as to which of the alternate addresses shown to be used by tenant actually constituted [his] principal residence should not serve to deprive the landlord of its possessory remedy on nonprimary residence grounds otherwise firmly established at trial.” (Emel Realty Corp. v Carey, 188 Misc 2d 280, 282-283 [2001], affd 288 AD2d 163 [2001].)
The tenant’s present challenge to the sufficiency of the notice of nonrenewal is raised for the first time on appeal, and thus is *365 not properly before us (see, Claridge Gardens v Menotti, 160 AD2d 544, 545 [1990]). In any event, the nonrenewal notice adequately set forth the factual allegations and legal basis for the proceeding, and was reasonable “in view of the attendant circumstances” (Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996], lv dismissed and denied in part 90 NY2d 829 [1997]). Contrary to tenant’s present contention, the notice was not “unreasonable” or “misleading in [its] omission” because it specified only a single alternate address as tenant’s alleged primary residence — the apartment at 128 Central Park South. “Absolute synchronicity with the evidence ultimately developed at trial is not required.” (Seventh FGP v Yee, NYLJ, July 13, 2001, at 18, cols 1, 2 [App Term, 1st Dept], lv denied 2001 NY App Div LEXIS 9218 [1st Dept].)
McCooe, J.P., Davis and Schoenfeld, JJ., concur.