*346 OPINION OF THE COURT
Edward H. Lehner, J.
The prime issue raised on this motion by defendants pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint is whether the plaintiff landlord may recover money damages in an action based on defendants’ alleged fraud in failing to advise their landlord that the apartment they leased was not their primary residence.
Defendants are the tenants of apartment 9C at 201 East 25th Street. The building is operated as a cooperative, and plaintiff is the holder of the unsold shares applicable to the apartment. Defendants’ occupancy is subject to the Rent Stabilization Law. Their lease, entered into in 2002, expired on September 30, 2004. Pursuant to said law, on June 25, 2004 plaintiff tendered defendants a proposed renewal lease, which defendants originally stated they did not receive but, after intervention of the State Division of Housing and Community Renewal, was eventually signed and returned to plaintiff on September 6, 2004.
In the complaint, plaintiff alleges that the apartment is not defendants’ primary residence and that defendant Schiffmiller-Nachshen: in a telephone conversation in July 2004 “represented that she primarily resided in the Apartment” (11 15); “with fraudulent intent and bad faith, maintains her primary residence at an abode other than the subject premises” (1i 23); and “concealed her true primary residence in order to fraudulently maintain possession of the Apartment that is currently valued at a much higher value than it is under its present rent stabilized status” (11 24). As a consequence of the foregoing, plaintiff seeks damages of $750,000 as the fair market value of the apartment, $2,500,000 in punitive damages, and $97,433.04 as additional rental that plaintiff could have procured through September 30, 2006, the expiration date of the renewal lease.
In her opposing affidavit, Mrs. Schiffmiller-Nachshen does not provide any details as to her residence in California, which plaintiff maintains is her primary residence, but states that in a telephone conversation on August 24, 2004 she advised an employee of the plaintiff that the apartment was her “primary residence and that I had been living in the apartment 30 years” (1111 of affidavit sworn to Jan. 3, 2005).
Significantly, plaintiff here acknowledges that it did not send a notice of nonrenewal within 90 to 150 days prior to the expiration of the 2002 lease (the window period), as required by sec *347 tion 2524.2 of the Rent Stabilization Code (9 NYCRR), and hence is not entitled to terminate the lease. Rather, it seeks the substantial money damages referred to above.
The first Court of Appeals case dealing with the failure to send a notice of nonrenewal during the window period was Golub v Frank (65 NY2d 900 [1985]), where it was held that such failure entitled the tenant to a renewal lease and thus prohibited the landlord from being able to then litigate whether in fact the tenant was a primary resident of the subject unit. Subsequently, in 615 Co. v Mikeska (75 NY2d 987 [1990]), the landlord sought, prior to the window period, a judgment declaring that the tenant was not a primary resident. In denying such relief, the Court ruled that the fact that “a tenant is not using the premises as a ‘primary residence’ does not entitle the landlord to eviction during the lease term, but only to nonrenewal, and the landlord’s right to nonrenewal on this basis can be interposed only during times specified by statute in the window period” (at 988). In 520 E. 81st St. Assoc. v Lenox Hill Hosp. (77 NY2d 944 [1991]), the foregoing principle was applied even though the landlord “invoked the Takings Clause of the Fifth Amendment to support its nonprimary residency argument” (at 947).
With the foregoing in mind, the issue thus presented is whether, although plaintiff cannot terminate the lease and recover possession, it can nevertheless now recover hundreds of thousands of dollars from the tenants who obtained the renewal lease while allegedly withholding information as to their actual primary residence. In considering this issue the court must afford the pleading a liberal construction and “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
To recover the money damages sought herein, plaintiff would have to establish that the apartment was not the defendants’ primary residence. Plaintiff is thus seeking to do indirectly what it cannot do directly, and in so doing would place upon defendants a possible financial liability that would not ensue as a consequence of failing to obtain a renewal lease. Since defendants’ tenancy cannot be terminated nor the lease rescinded by virtue of plaintiffs failure to serve the requisite notice of nonrenewal during the window period, defendants are entitled to be secure in their possession under the renewal lease and to not have to defend a lawsuit and incur the consequential *348 legal expenses where the underlying issue remains whether the apartment is their primary residence.
In Park House Partners v DeIrazabal (140 AD2d 84, 89 [1st Dept 1988]), it was stated that the landlord’s “failure to serve the defendant with notice of nonrenewal precludes consideration of its nonprimary residence allegations.” Although there said in the context of a declaratory judgment action, the same applies to this action for money damages where the relief sought is different, but the underlying basis for the relief, even though couched in terms of fraud, remains the same, i.e., the failure of the defendants to occupy an apartment as their primary residence. (See also, W.T. Assoc. v Glauber, 153 AD2d 538 [1st Dept 1989]; Louis v Barthelme, 179 AD2d 604, 607 [1992] [“irrespective of the procedural guise of this matter, plaintiff is attempting to have the court determine that the subject apartment was not the tenant’s primary residence without satisfying the requisite . . . statutory notice provision”].) Thus, the failure to serve a nonrenewal notice within the window period requires dismissal of the complaint.
However, even if plaintiff were entitled to proceed in this action, it has failed to adequately allege a cause of action for fraud. To state a claim for fraud a plaintiff is required to allege “a representation of material fact, falsity, scienter, reliance and injury” (Vermeer Owners v Guterman, 78 NY2d 1114, 1116 [1991]), and “the circumstances constituting the wrong shall be stated in detail” (CPLR 3016 [b]).
First, the allegation that a defendant, a layperson, made a statement that she was a primary resident of the apartment is not a statement of fact on which to support a viable fraud claim as the concept of “primary residence” is a legal conclusion based on various factual considerations, decisions with respect to which judges still have disagreements. (Glenbriar Co. v Lipsman, 11 AD3d 352 [1st Dept 2004] [where a 3-2 majority upheld a 2-1 majority in the Appellate Term (2002 NY Slip Op 50225[U] [2002]), finding the tenant was in fact a primary resident of the subject unit].) Further, it has been held that “the fact that a tenant spends relatively little time in a regulated apartment may not alone suffice for a finding of nonprimary residence, at least in circumstances where the tenant’s absence is attributable to a credible, excusable reason” (Emel Realty Corp. v Carey, 188 Misc 2d 280, 282 [App Term, 1st Dept 2001], affd 288 AD2d 163 [1st Dept 2001]; see also, Katz v Gelman, 177 Misc 2d 83 [App Term, 1st Dept 1998]; Coronet Props. Co. v Brychova, 122 *349 Misc 2d 212 [Civ Ct, NY County 1983], affd 126 Misc 2d 946 [App Term, 1st Dept 1984]).
Second, plaintiff could not justifiably rely on the purported statement by the tenant. (See, 600 W. 115th St. Corp. v 600 W. 115th St. Condominium, 180 AD2d 598 [1st Dept 1992]; Karsanow v Kuehlewein, 232 AD2d 458 [2d Dept 1996].)
Third, the complaint does not allege that any representations as to primary residence were made in the period prior to the window period, after which the right to a renewal lease became absolute.
Fourth, there is no allegation of facts showing a confidential, unequal, or fiduciary relationship so as to set forth a viable cause of action for constructive fraud. (See, Matter of Gordon v Bialystoker Ctr. & Bikur Cholim, 45 NY2d 692 [1978]; East 15360 Corp. v Provident Loan Socy. of N.Y., 177 AD2d 280 [1st Dept 1991].)
In view of the foregoing, the defendants’ motion to dismiss the complaint is granted and the Clerk shall enter judgment accordingly.
The defendants’ request for sanctions is denied as they acknowledge the absence of any precedent for this type of a claim relating to primary residence, and they have not asserted the existence of any lease clause that would justify an award of attorneys’ fees under Real Property Law § 234.