OPINION OF THE COURT
Per Curiam.
Order, dated April 20, 2010, reversed, with $10 costs, tenant’s dismissal motion denied and matter remanded for a new trial.
The trial court erred in granting tenant’s motion to dismiss this nonprimary residence holdover proceeding at the close of landlord’s evidence. Upon such a motion, tenant had the burden of showing that landlord failed to make out a prima facie case, and landlord was entitled to the benefit of every favorable inference that could reasonably be drawn from the evidence (see Peck v Wolf, 157 AD2d 535, 536 [1990], lv denied 75 NY2d 709 [1990]). There is proof in the record of tenant’s admissions that he lives with his wife in a specified residential building located nearby, that correspondence sent by landlord to tenant at the subject building premises was returned as undeliverable, and that landlord has seldom seen tenant in or around the building for at least three years, despite landlord’s repeated attempts to gain access to tenant’s rent-controlled apartment. Such evidence was legally sufficient to survive tenant’s dismissal motion, and this despite the absence from landlord’s tried submission of evidence tending to support each of the allegations contained in its underlying termination notice. Absolute synchronicity between the trial evidence and the allegations set out in a predicate notice is not required (see Rocky 116 v Weston, 195 Misc 2d 363, 365 [2003]). While the trial court voiced a concern over the good faith basis of some of the “sweeping claims” advanced in landlord’s termination notice, the appropriate remedy, if any, for any material falsehoods that may be contained in the notice would be the imposition of rule 130 (22 NYCRR 130-1.1) sanctions, not outright dismissal of the proceeding.
Schoenfeld, J.R, Shulman and Hunter, Jr., JJ., concur.