| |
|---|
| **2330 Ocean Assoc. LLC v Haroun** |
| 2021 NY Slip Op 34052(U) |
| July 8, 2021 |
| Supreme Court, Rockland County |
| Docket Number: Index No. 030045/2021 E |
| Judge: Rolf M. Thorsen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT: STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------X     To commence the statutory time period
                                          for appeals as of right (CPLR
                                          5513[a]), you are advised to serve a
2330 OCEAN ASSOCIATES LLC,                copy of this order, with notice of
                                          entry, upon all parties.
                    Plaintiff,
                                          **DECISION & ORDER**
        -against-
                                          Index No: 030045/2021 E
FARIDA HAROUN,

                    Defendant.
------------------------------------X

HON. ROLF M. THORSEN, A.J.S.C.

    In the within action for, <u>inter alia</u>, breach of contract
seeking monetary damages for property damage allegedly caused by
Defendant/Tenant, Defendant, Farida Haroun moves for the following
relief: (1) an order, pursuant to CPLR §3211(a)(7), dismissing the
complaint for the failure to establish the condition precedent for
the commencement of the action and to set forth sufficient facts
establishing its claim for intentional interference with business
relations, and, alternatively, (2) an order transferring the action
to Kings County Supreme Court pursuant to CPLR §510 in the
interests of justice and because of the location of the witnesses.
The Court has considered the following papers on the motion:

    1.    Notice of Motion, Affidavit in Support and Exhibits A
          through E attached thereto and Affidavits of Facts;
    2.    Affidavits in Opposition and Affirmation in Opposition;
    3.    Affidavit in Reply;
    4.    Notice of Rejection of Reply Affidavit; and
    5.    Memorandum of Law in Reply.

    Plaintiff landlord commenced the present action to recover
monetary damages from Defendant/Tenant. Plaintiff alleges the
following facts in the complaint: The subject apartment leased to
Defendant, located in Brooklyn, New York, was in excellent physical
condition. Defendant caused substantial physical damage to the
apartment. No construction work in the apartment was necessary,

requested, nor permitted. Defendant had an obligation under the lease to maintain the apartment in a reasonable condition and Defendant breached that obligation. Defendant has deliberately caused damage to the apartment, reported the damage to City agencies as "violations," which Plaintiff must now defend, and refused to allow Plaintiff into the apartment to make repairs in order to cure the violations. Defendant apparently intended to interfere with Plaintiff's business and use of the apartment.

Plaintiff alleges three causes of action in the complaint. In the first cause of action, Plaintiff seeks monetary damages in the sum of $150,000.00, plus punitive damages for intentional interference with business relations. In the second cause of action, Plaintiff seeks $50,000.00 for property damages. Finally, in the third cause of action, Plaintiff alleges Defendant breached his duty to maintain the subject apartment in good condition and seeks damages in excess of $50,000.00.

In lieu of an answer, Defendant filed the present motion seeking to dismiss the complaint and, alternatively, for the transfer of the action to Kings County Supreme Court.

In her affidavit in support of the motion, Defendant alleges, inter alia, the following: A few days prior to moving into the subject apartment in August 2020, she was advised that the landlord had not started repairs in the apartment, as promised, including painting the apartment, repairing a flood-damaged bedroom floor, and removing wood paneling. Since she had given a deposit on the apartment and had given 30-day notice to her prior landlord, she moved into the apartment and accepted a rent credit of $2,250.00 in exchange for making a limited number of repairs, including removing some of the wood paneling, hiring a painter, and installing a new floor surface in the smaller bedroom. In mid-September, the landlord hired a plumber to replace a section of broken pipe under the bedroom floor containing the flood damage, and the plumber left two significant holes in the bedroom and bathroom floors, subflooring and joists, and through the basement ceiling. After neither the plumber nor superintendent of the apartment building would commit to repairing the holes, Defendant and her partner reported the holes to New York City. An inspector from the New York City Department of Housing Preservation and Development ("HPD") inspected the apartment and placed violations on the

[* 2]

apartment for lead paint and highly flammable drop ceilings, which concealed flood damage to the original ceilings in the kitchen and smaller bedroom. Despite the violations, Defendant continued to pay full rent, even though the landlord did not fix the violations, except for sending an exterminator.

Defendant further alleges that, on December 21, 2020, she filed a proceeding in Civil Court, Kings County, Housing Part by Order to Show Cause, which was made returnable on January 13, 2021. In support of the present motion, Defendant submits, inter alia, the "Order to Show Cause Directing the Correction of Violations" filed in Civil Court, Kings County, Housing Part (Defendant's Exhibits B) and the parties' lease for the subject apartment (Defendant's Exhibit D). Defendant also alleges that the same day she filed the Order to Show Cause, she was served with the summons and complaint in this action. In response to the service of the summons and complaint, Defendant filed a demand for change of venue and the present motion. Defendant also alleges that after she commenced the proceeding in the Civil Court, Housing Part, the apartment was reinspected by HPD and additional violations were placed on the apartment.

With respect to a motion to dismiss, pursuant to CPLR §3211(a)(7), on the basis that the complaint fails to state a cause of action, the moving defendant must establish that the factual allegations in the complaint, when taken together, fail to state a cause of action cognizable at law. *See, Guggenheimer v Ginsburg*, 43 NY2d 268 (1977). On a motion to dismiss pursuant to CPLR §3211, "the court must accept the facts as alleged in the complaint [or pleading] as true, accord plaintiffs [or the proponent of the pleading] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." *Sokol v Leader*, 74 AD3d 1180, 1181 (2d Dept 2010)(Citations and internal quotation omitted); *see, Leon v Martinez*, 84 NY2d 83, 88 (1994); *Guggenheimer v. Ginsburg*, 43 NY2d at 275; *Neuman v Echevarria*, 171 AD3d 767, 768 (2d Dept 2019).

Plaintiff's first cause of action for interference with business relations must be dismissed as the allegations in the complaint, even if true, are insufficient to state a cause of action. "To prevail on a cause of action for tortious interference with business relations, a plaintiff must prove that it had a

business relationship with a third party, that the defendant knew of that relationship and intentionally interfered with it, and that defendant's actions were motivated solely by malice or otherwise constituted illegal means, and that defendant's interference caused injury to plaintiff's relationship with the third party." *684 E. 222nd Realty Co., LLC v Sheehan*, 185 AD3d 879, 879-880 (2d Dept 2020). Here, Plaintiff failed to allege that Defendant induced a third party to end its economic relationship with Plaintiff.

Moreover, Plaintiff's second and third causes of action, which seek monetary damages for breach of the parties' lease based upon Defendant's alleged damage to the apartment, failure to maintain the apartment in a reasonable condition and failure to allow Plaintiff access to the apartment to repair the damage, must also be dismissed since Plaintiff failed to serve Defendant with a notice of default. The terms of the parties' lease require Plaintiff to provide Defendant with notice of default as to the default of any term or rule in the Lease, and provides Defendant with a time period to cure the default. See, Defendant's Ex. D, ¶16. Accordingly, Defendant was entitled to a notice of default and the opportunity to cure the default, and such notice was a predicate to the present action. See, *Unicorn 151 Corp. v Small*, 181 Misc 2d 304, 310-311 (Civ Ct, Kings County 1999); *see, Waring Barker Co. v Santiago*, NYLJ, Jan. 23, 1998 at 25, col 1 (App Term 1st Dept)(Notice of cure required by terms of lease before commencement of nuisance holdover proceeding based on tenant's failure to grant access and offensive behavior against other building occupant); *compare, 1540 Wallco, Inc. v Smith*, 54 Misc 3d 1207(A)(Civ Ct, Bronx County 2017)(No notice to cure required in lease as predicate to proceeding under nuisance). In the absence of a notice to cure, the causes of action for breach of lease in the complaint must be dismissed. *See, Unicorn 151 Corp. v Small*, 181 Misc 2d at 311.

Plaintiff's contention that the Rent Stabilization Code does not apply to the present action is unavailing insofar as the parties' lease gives Defendant the right to a notice of default and to cure. *See, 235 W. 71 Units LLC v Zeballos*, 127 AD3d 489, 490 (1st Dept 2015); *Unicorn 151 Corp.. v Small*, 181 Misc 2d at 310, *quoting, Waring Barker Co.*, NYLJ, Jan. 23, 1998, at 25, col 1-2 (The Rent Stabilization Code establishes minimum rights of tenants and does not preclude a contract that gives a tenant greater

[* 4]

rights). In any event, as asserted by Defendant, the courts have not countenanced a landlord seeking to avoid the requirements and protections of the Rent Stabilization Code, including the service of a notice to cure, by commencing a breach of lease action outside of an eviction proceeding or proceeding to recover possession, as findings therein may have a collateral effect on a subsequent proceeding. *See, W.T. Assoc. v Glauber*, 153 AD2d 538 (1st Dept 1989) (Action seeking declaration of rights dismissed since notice required under Rent Stabilization Code was not served, and declaratory action was a step to obtaining possession and would allow landlord to circumvent notice requirement); *Kaycee W. 113th St. Corp. v Diakoff*, 160 AD2d 573, 574 (1st Dept 1990)(Action dismissed since notice of termination was a predicate to the action, notwithstanding that a declaratory judgment, not an eviction, was sought); *200 E. 27th LLC v Schiffmiller-Nachshen*, 8 Misc 3d 345, 348 (Sup Ct, NY County 2005)(Action to recover fair market value of rent-controlled premise dismissed as notice required by Rent Stabilization Code was not served). Accordingly, as the notice of default and the opportunity to cure were predicates to an action for breach of contract, the causes of action which seek monetary damages for Defendant's alleged breach of contract must be dismissed pursuant to CPLR §3211(a)(7). *See, 156-158 Second Ave., LLC v Delfino*, 18 Misc 3d 1144(A)(Civ Ct, NY County 2008)(Action seeking possession dismissed for failure to state cause of action where notice to cure was not served and such notice was a predicate to the action).

Accordingly, this Court need not reach the parties' contentions with respect to the transfer of venue. In any event, this Court notes that Plaintiff may raise its allegations as to Defendant's conduct alleged herein as defenses in the pending proceeding in Civil Court, Kings County, Housing Part. Further, Plaintiff may seek relief with respect to Defendant's conduct alleged herein in the Civil Court, "which has jurisdiction over landlord-tenant proceedings and the ability to offer complete relief to the parties. Where the Civil Court can decide the dispute, it is desirable that the action be brought in that court." *Kaycee W. 113th St. Corp.*, 160 AD2d at 574; *see, Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 28 (1984).

The parties' remaining contentions are without merit or need not be reached by this Court.

In view of the foregoing, it is hereby

ORDERED that the branch of the Defendant's motion seeking dismissal of the complaint is granted, and the complaint is dismissed in its entirety; and it is further

ORDERED that the branch of the Defendant's motion seeking, as alternative relief, the transfer of venue is denied as moot.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R**

Dated: July 8, 2021
       New City, New York

_____
HON. ROLF M. THORSEN
Acting Supreme Court Justice

TO: NYSCEF

[* 6]