138 W. 46th St. Realty Co. LLC v Hunter (2025 NY Slip Op 51631(U))

[*1]

138 W. 46th St. Realty Co. LLC v Hunter

2025 NY Slip Op 51631(U)

Decided on October 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 17, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570888/25

138 West 46th Street Realty Co. LLC, Petitioner-Landlord-Appellant, 
against
Bernadette Coen Hunter, Respondent-Tenant-Respondent.

Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about October 21, 2024, after a nonjury trial, in favor of tenant dismissing the petition in a holdover summary proceeding.

Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about October 21, 2024, affirmed, with $25 costs.
The trial court's determination that the long-term (40—year) tenant's absence from her rent regulated apartment from October 2021 through February 2024 was excusable for primary residence purposes (see Second 82nd Corp. v Veiders, 146 AD3d 696, 696 [2017]; 542 E. 14th St. LLC v Lee, 66 AD3d 18, 20-21 [2009]), is supported by a fair interpretation of the evidence (see Claridge Gardens v. Menotti, 160 AD2d 544, 544-545 [1990]). The documentary evidence, including tenant's discharge records, as well as the testimony of the unit coordinator for Park Terrace Care Center established that the then 68-year old tenant had been admitted to that rehabilitation facility on October 2021 after suffering a stroke, and remained there until February 23, 2024, when she returned to the subject premises pursuant to a discharge plan (see 200 E. 62nd Owner LLC v Grafstein, 66 Misc 3d 139[A], 2020 NY Slip Op 50100[U] [App Term, 1st Dept 2020]; WSC 72nd Owners LLC v Bondy, 21 Misc 3d 145[A], 2008 NY Slip Op 52541[U] [App Term, 1st Dept 2008]; Katz v Gelman, 177 Misc 2d 83, 1998 NY Slip Op 98419 [App Term, 1st Dept 1998]). As the trial court found, "[w]hile [tenant] was in a facility for two years and four months, she had a discharge plan that actually came to fruition."
We agree with Civil Court that even assuming that landlord was entitled to a judgment of possession if it only proved the allegations in the petition, landlord's pleadings placed tenant's ability to return to the subject premises into the proceedings. Specifically, the petition pled landlord knew tenant had suffered a stroke, was unable to take care of herself, and required 24-hour supervision. Moreover, the answer stated that tenant, a senior citizen and recovering stroke victim, "reserved her right to obtain a reasonable accommodation which may be needed based upon her age and existing disabilities." Thus, the court reasonably concluded that the "petition alone" revealed that landlord "already had knowledge of the saliency of respondent's medical [*2]ability to return to the subject premises, the consequential consideration for a rent-regulated tenant who is in a facility" and that such reference "belies any assertion that petitioner would be surprised by the issue."
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 17, 2025