█ TAW INTERNATIONAL LEASING, INC., et al., Respondents, v OVERSEAS PRIVATE INVESTMENT CORPORATION et al., Respondents, and COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, et al., Appellants.—Order, Supreme Court, New York County, entered October 20, 1976, denying petitioners' motion to renew, unanimously affirmed. Appeal from order, Supreme Court, New York County, entered July 22, 1976, denying petitioners' motion to intervene, unanimously dismissed. Plaintiffs-respondents and defendants-respondents shall recover of petitioners-appellants one bill of $40 costs and disbursements of these appeals. Thomas A. Wood controls three corporations engaged in the leasing of equipment and related services in several countries in Africa. Wood and his corporations (hereinafter referred to as Taw) had applied for and obtained insurance coverage from the Commercial Insurance Company of Newark and Granite State Insurance Company (the insurers). Presently Taw owes approximately $286,000 to the insurers for earned but unpaid premiums. The insurers have instituted a separate action against Taw and others for recovery of that sum. The instant suit brought by Taw against various of its creditors seeks declaratory relief related to a composition agreement entered into among the parties but excluding the insurers. The creditors have interposed counterclaims. The insurers moved at Special Term to intervene in the present suit of Taw against its other creditors, which motion was denied by Special Term. We would affirm. The insurers have not demonstrated that they come within the statutory criteria for intervention as of right or as a matter of the court's discretion. The insurers have no direct interest in the outcome of the main action (CPLR 1012, subd [a], par 2) and, in addition, the main action contains no question of law or fact common to the claims of the insurers (CPLR 1013). Furthermore, as previously mentioned, the insurers presently have an action pending against Taw and others for recovery of their earned premiums. We do not deem the impairment of the insurers' rights to the debtors' (Taw's) property by virtue of other creditors obtaining

a prior judgment to be a sufficient interest warranting intervention (cf. CPLR 1012, subd [a], par 3). Lastly, we note that since petitioners are not parties plaintiff to the present suit, they are not entitled to an order of attachment (CPLR 6211, 6212). Concur—Murphy, P. J., Kupferman, Lupiano and Lane, JJ.