■ ANDREW BRAUN et al., Respondents, v FRAYDUN REALTY Co., Appellant.—

Plaintiffs in the earlier-commenced Supreme Court action seek, *inter alia,* a declaration that the subject rent-stabilized apartment is the primary residence of plaintiff Andrew Braun, the son of the named tenant plaintiff Lawrence Braun and plaintiff Ariela Braun, and a full-time college student attending an out-of-State school, and that he is entitled to a renewal lease in his own name under the successor rights provision of the Rent Stabilization Code ([Code] 9 NYCRR 2523.5 [b] [1]), which this court has upheld *(Festa v Leshen,* 145 AD2d 49). In February 1988, as the named tenants were about to relocate, they notified the landlord of that fact and requested that Andrew be added to the lease in accordance with the Rent Stabilization Code's family succession rules. The landlord refused to do so and later informed plaintiffs that it intended to refuse to renew the lease at expiration on the basis of nonprimary residence. The landlord never offered a renewal lease, prompting plaintiffs to seek an adjudication of the succession issue. The landlord thereafter commenced a holdover proceeding seeking to recover possession on the ground of nonprimary residence as well as an alleged illegal sublet.

The IAS court properly denied the landlord's cross motion to dismiss the complaint. If proven, this case presents a fact pattern which fits precisely within Code § 2523.5 (b) (1)—a continuous cooccupancy of family members, with the tenants parents having vacated while the son remains. It was, however, in our view, inappropriate to deny the motion for removal of the Civil Court action and consolidation of it with the Supreme Court action. In the interests of judicial economy, the wiser course would be to consolidate those proceedings, which are interrelated, and avoid the expense of two-track litigation. *(See,* CPLR 602 [b].) Moreover, the disposition we reach does not require a stay of either proceeding. We modify accordingly. Since no appeal was taken by plaintiffs, we do so, *sua sponte (see, Sherrill v Grayco Bldrs.,* 99 AD2d 965, 967, *affd* 64 NY2d 261; *but see, Kobak v Schultz,* 117 AD2d 714, 716; *Singer v Singer,* 33 AD2d 1054), in the exercise of our "broad powers to order consolidation" *(supra,* at 1055). Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.