OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
It has long been the rule in this State that a landlord who is uncertain as to whether a lease must be renewed can ask a court to declare the rights of the parties and resolve the dispute before the time for renewal arrives (Leibowitz v Bickford’s Lunch Sys., 241 NY 489; Fidelity & Columbia Trust Co. v Levin, 248 NY 551; see also, Borchard, Declaratory Judgments, at 625-628). In the circumstances presented, however, involving a situation heavily regulated by statute, we agree with the Appellate Division that the general rule is not dispositive.
At issue here is a lease under the rent stabilization laws, which provide that a landlord must offer a renewal lease during a "window period” shortly before the lease’s expiration, unless the tenant has not been using the housing accommodation as a "primary residence” (Rent Stabilization Code [9 NYCRR] §§ 2523.5, 2524.4 [c]). That a tenant is not using the premises as a "primary residence” does not entitle the landlord to eviction during the lease term, but only to nonrenewal, and the landlord’s right to nonrenewal on this basis can be interposed only during times specified by statute in the window period. While we are not now called upon to determine what would constitute "primary residence” during a lease term, it would seem to be generally desirable for a court considering the issue of nonprimary residence to be able to evaluate the entire history of the tenancy to the time of renewal.
We conclude, therefore, that it would be inconsistent with the statutory concept of "primary residence,” as well as the requirement of a legally matured controversy for a declaratory judgment action, to permit a landlord to avail itself of that remedy prior to the window period in the circumstances presented by cases such as these.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
*989 Order affirmed, with costs, in a memorandum.