■ ANSONIA ASSOCIATES, Appellant, v GIOVANNI CONSIGLIO, Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on April 18, 1989, which, *inter alia,* stayed a nonprimary residence action in that court, pending the outcome of related proceedings pending in Civil Court and before the Division of Housing and Community Renewal, unanimously modified, insofar as appealed from, on the law, to the extent of granting defendant's motion to dismiss the Supreme Court action, and otherwise affirmed, without costs.

Plaintiff Ansonia Associates (Ansonia) is the landlord of a building known as the Ansonia Hotel (the hotel), located at 2109 Broadway. Defendant Giovanni Consiglio (tenant), in 1975, entered into a lease agreement with Ansonia which provided for him to lease a two-room apartment in the hotel; that lease did not have a clause providing for renewal of the tenancy.

Ansonia has been involved in constant litigation over the course of the last decade. In 1984, the hotel was reclassified, by court order, as an apartment building subject to the Rent Stabilization Law. The Division of Housing and Community Renewal (DHCR) is conducting proceedings to, *inter alia,* determine the appropriate amounts of rent "rollback" as a result of the reclassification. Also in 1984, Ansonia allegedly mailed all hotel tenants, including the tenant in the case at bar, leases comporting with rent stabilization. Tenant maintains that he never received a renewal lease. Ansonia, contending that tenant failed to renew his lease, commenced a summary holdover proceeding in Civil Court on June 16, 1986, the basis of which was the alleged failure to renew the lease.

In 1988, while the Civil Court action was pending, Ansonia commenced the instant summary proceedings in Supreme Court, alleging the hotel was not Consiglio's primary residence. Tenant acknowledges that he has a second apartment, but urges that the second apartment is not his primary residence.

Regardless, tenant moved to dismiss the complaint based upon Ansonia's failure to notify him during the 150-and-120-day "window period", prior to the expiration of a lease, of its intention not to renew the lease because of "nonprimary residence" and that this failure precluded Ansonia's right to challenge tenant's right to a renewal lease. *(Golub v Frank,* 65 NY2d 900, 901 [1985].)* Ansonia cross-moved for use and occupancy pendente lite.

The IAS court stayed the instant action pending the determinations of DHCR and Civil Court and in addition, directed tenant to pay use and occupancy fees, at a monthly rate, through the pendency of the litigation. While we agree that the DCHR and Civil Court proceedings must be concluded before a "nonprimary residence" action can be resolved, we believe a modification is appropriate regarding the procedural mechanism employed. Specifically, for the reasons that follow, we hold that that part of the action seeking a declaration that tenant is not a primary resident is not ripe for judicial review, and we dismiss it accordingly.

We first note that a landlord is not entitled to immediately evict a rent-stabilized tenant because he is not using the premises as a primary residence; rather the landlord's remedy, of which it can avail itself only during a statutorily specified "window period", is nonrenewal of the lease. *(615 Co. v Mikeska,* 75 NY2d 987.) A landlord declining to renew a lease based upon nonprimary residence must give notice to the tenant of its intention not to offer a renewal lease not more than 150 and not less than 120 days prior to the end of the tenant's lease. *(Golub v Frank,* 65 NY2d 900, 901, *supra.)* This is, not unreasonably, predicated upon the existence of a lease from which these dates can be calculated and, as this court has previously noted, "[m]anifestly, this [issue of nonprimary residence] is a question which is not necessary for courts to address until renewal time." *(Park House Partners v DeIrazabal,* 140 AD2d 84, 89 [1st Dept 1988].)

In order for there to be a dispute justifying resort to the court, there must be a tenant under or entitled to a lease; in the event that Civil Court grants Ansonia relief on its holdover action, the question of nonprimary residence is moot. Moreover, as tenant acknowledged, should Ansonia prevail in the Civil Court action, Ansonia may evict him at will and he will have no protection under the Rent Stabilization Code. However, should Civil Court determine that Ansonia is not entitled to relief, Ansonia may well be required to offer Consiglio a lease, from which the window period will be measured.

In any event, were we to allow Ansonia to avail itself of the remedy sought prior to the window period under the circumstances in the case at bar, it would not only be contrary to "the statutory concept of 'primary residence' " but would flout the requirement of a legally ripe controversy for a declaratory judgment action. *(615 Co. v Mikeska, supra,* at 988.) As a final note, we reiterate that "it is generally desirable for a court

considering the issue of nonprimary residency to be able to evaluate the entire history of the tenancy to the time of renewal." *(Park House Partners v DeIrazabal,* 140 AD2d, *supra,* at 90; *see also, 615 Co. v Mikeska, supra.)* We are confident that should Ansonia bring the matter to court at such time as the nonprimary residence issue becomes ripe, there will be a great deal for the court to weigh in consideration thereupon. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.