OPINION OF THE COURT
Per Curiam.
Order and judgment dated May 29, 1995 reversed, with $30 *785 costs, and final judgment of possession granted in favor of landlord on the holdover petition.
The largely undisputed trial evidence establishes that respondent became the tenant of record of the rent-stabilized premises on East 66th Street in 1971, and permanently vacated in 1974. He failed to advise landlord that he was no longer residing at the premises and continued to execute renewal leases as the record tenant over the next 20 years. During this period, respondent primarily resided at various Manhattan locations (including a condominium he purchased) while the subject premises was occupied by his former wife and their two children. By 1993, these family members had all permanently vacated as well, at which point respondent purported to reestablish his primary residence by returning to occupancy in or about September 1993.
The last renewal lease encompassed the two-year period May 1, 1992 through April 30, 1994, and in December 1993 landlord served a statutory notice advising that the lease would not be renewed upon the ground of nonprimary residence. At trial, respondent argued, inter alia, that landlord could not prevail upon the petition since respondent was in occupancy "during the relevant period”, i.e., as of the date of service of the notice of nonrenewal. Civil Court adopted this position and concluded that dismissal of the petition was required because respondent "was in the apartment * * * for at least four months” when the threshold notice was served.
We disagree. In considering nonprimary residence cases, a court may fairly evaluate "the entire history of the tenancy to the time of renewal” (615 Co. v Mikeska, 75 NY2d 987, 988). The date of the notice of nonrenewal is not dispositive in this fact pattern. Respondent did not reside in the premises at issue at any time between 1974 and September 1993 and did not reside in the premises for the first 16 months of the most recent 24-month renewal. This is scarcely the type of " 'ongoing, substantial, physical nexus with the controlled premises for actual living purposes’ ” (Sommer v Ann Turkel, Inc., 137 Misc 2d 7, 10) which is requisite for protection from eviction under rent stabilization. The occupancy of respondent’s family members (who have since vacated) in his absence may not be imputed to the respondent; the apartment cannot be transferred from one family member to another where there has been no contemporaneous occupancy and no claim of succes *786 sion rights (see, Melohn v Heins, NYLJ, Apr. 14, 1981, at 6, col 1 [App Term, 1st Dept]).
The holdover petition is granted.
Parness, J. P., Freedman and Davis, JJ., concur.