■ BERWICK LAND CORPORATION, Respondent, v LOUIS MUCELLI, Appellant, et al., Respondents. [671 NYS2d 44] —Order of the Appellate Term of the Supreme Court, First Department (Parness, J. P., Freedman and Davis, JJ.), entered November 8, 1996, which reversed an order of the Civil Court, New York County (Arlene Hahn, J.), entered May 29, 1995, dismissing the within holdover petition after a nonjury trial, and granted the petition, and awarded petitioner landlord a judgment of possession, unanimously affirmed, with costs.

In this summary holdover proceeding to recover possession of a rent stabilized apartment on the ground that it had not been occupied as a primary residence, Appellate Term in evaluating "the entire history of the tenancy to the time of renewal" (*615 Co. v Mikeska*, 75 NY2d 987, 988), took appropriate note of the circumstance that, despite residing in the subject premises for three or four months prior to service of the termination notice, respondent tenant had not resided in the apartment at all between 1974 and September 1993 and, in particular, had not resided there for the first 16 months of the most recent 24 month renewal period (170 Misc 2d 784, 785). Accordingly, Appellate Term properly found respondent tenant's occupancy of the subject apartment did not constitute the type of "ongoing, substantial, physical nexus with the controlled premises for actual living purposes" (*Emay Props. Corp. v Norton*, 136 Misc 2d 127, 129, quoted in *Sommer v Ann Tur-*

*kel, Inc.*, 137 Misc 2d 7, 10, *lv denied* 1st Dept, Jan. 5, 1998, NY App Div LEXIS 65) that would justify affording the tenancy continued protection under the rent stabilization laws. Nor could the occupancy of respondent-tenant's family members, in his absence, be imputed to him since succession rights cannot be transferred from one family member to another where there has been no contemporaneous occupancy (*see*, Rent Stabilization Code [9 NYCRR] § 2523.5).

We have considered tenant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin and Tom, JJ. *[See*, 170 Misc 2d 784.]