■ 235 WEST 71 STREET LLC, Appellant, v ERIK CHECHAK et al., Respondents, et al., Respondents. [790 NYS2d 871]—Order of the Appellate Term of the Supreme Court, First Department, entered June 22, 2004, which affirmed an order of Civil Court, New York County (Dawn M. Jimenez, J.), entered on or about July 11, 2003, granting respondents' motion for summary judgment and denying petitioner's cross motion for summary judgment, unanimously affirmed, without costs.

Petitioner failed to come forward with evidence of an unlawful assignment in opposition to respondents' factual showing on their motion. The only evidence proffered by petitioner was that the apartment may not be tenant Erik Chechak's primary residence. The proper procedure for terminating this tenancy was not initiated. The petition was thus properly dismissed (*see PLWJ Realty v Gonzalez*, 285 AD2d 370 [2001], *lv dismissed* 97 NY2d 676 [2001]). Concur—Buckley, P.J., Marlow, Ellerin, Gonzalez and Sweeny, JJ.

■ NIXON ANGAMARCA et al., Respondents, v SILVERSTEIN PROPERTIES, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [791 NYS2d 543]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 2, 2004, on a jury verdict awarding plaintiffs damages in the principal amount of $1,670,376, unanimously affirmed, without costs.

Plaintiff Nixon Angamarca suffered serious injuries when he fell from a scaffold while engaged in asbestos removal. His fall from an elevated height entitled him to the protection of Labor Law § 240 (1) (*see Covey v Iroquois Gas Transmission Sys.*, 89 NY2d 952 [1997]), notwithstanding his engagement in a task other than actual construction (*see Campisi v Epos Contr. Corp.*, 299 AD2d 4 [2002]). Even assuming that the scaffold did have guardrails, as defendants maintain, the fact remains that "the safety devices provided to plaintiff did not properly protect him from an elevation-related hazard" (*Torres v Monroe Coll.*, 12 AD3d 261, 262 [2004]).

The award for past and future loss of earnings was appropriately documented through, inter alia, pay stubs showing hourly and overtime wages, and union records. Examination of the trial record does not reveal any conduct on the part of the trial judge which rises to the level of reversible error. Concur—Andrias, J.P., Marlow, Gonzalez and Sweeny, JJ.