■ In the Matter of TIMOTHY GLASS, Petitioner, and ROBIN CHESS, Respondent-Appellant, v WENDY GLASS, Also Known as WILMA DAVIS GLASS, an Alleged Incapacitated Person, Respondent, and BROOKFORD LLC, Proposed Intervenor-Appellant-Respondent. [815 NYS2d 36]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about April 27, 2005, which, to the extent appealed from as limited by the briefs, granted Brookford LLC leave to intervene in this Mental Hygiene Law article 81 proceeding, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied.

Brookford LLC is the owner of 315 Central Park West in Manhattan. Wendy Glass, an alleged incapacitated person, is the tenant of apartment 8S, a rent-stabilized dwelling unit. In October 2002, petitioners Timothy Glass and Robin Chess, her adult children, were appointed temporary guardians of her property. Their appointment was extended by an order dated May 19, 2003 that, inter alia, directed them to pay rent and, "in consideration of such payments," granted Robin Chess permission to reside in the apartment with the members of her family.

In March 2004, Brookford served a 10-day notice to cure an illegal subtenancy or assignment of the apartment, stating that "unidentified persons" were seen in and about the subject apartment (later identified as the tenant's grandson). In response, petitioners sent Brookford a copy of the court's May 2003 order.

Alleging an effort by petitioners "to create succession rights for family members in the apartment," Brookford moved for an order granting it leave to intervene in the guardianship proceeding and, upon intervention, to amend the court's order to delete the provision permitting the Chess family's occupancy. Supreme Court disposed of the application by granting intervention and reciting, in its order, that occupancy by members of the guardian's family "shall not be construed as conferring any succession rights upon any such individual(s) and is without prejudice to the position of the owner, Brookford LLC, and the position of the occupant."

Brookford's motion to intervene was predicated on CPLR 1012 (a) (3), which permits intervention "[w]hen the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment." The only adverse effect identified by Brookford is based upon speculation that an oc-

cupant, residing in the premises pursuant to Supreme Court's order, might assert a claim to possession as a successor to the tenant of record. That possibility would seem to have been obviated by Supreme Court's recitation that such residency will afford no succession rights. In any event, to qualify as a successor, Rent Stabilization Code (9 NYCRR) § 2523.5 (b) (1) requires simultaneous tenancy by the potential successor with the rent-stabilized tenant for the two years immediately prior to the tenant's permanent removal from the premises (*see 245 Realty Assoc. v Sussis*, 243 AD2d 29, 32 [1998]). Here, it is undisputed that the tenant took up residence in a nursing home prior to the time the family began its occupancy of the apartment, providing no apparent basis for a claim to succession. Thus, Brookford has failed to establish that it has a substantial interest in the outcome of the instant proceeding so as to warrant intervention (*see Vantage Petroleum v Board of Assessment Review of Town of Babylon*, 91 AD2d 1037 [1983]), *affd* 61 NY2d 695 [1984]). Nor has Brookford demonstrated that its potential landlord-tenant dispute with the Chess family involves issues of fact common to the instant proceeding (*see Taw Intl. Leasing v Overseas Private Inv. Corp.*, 57 AD2d 799 [1977]). Concur—Tom, J.P., Nardelli, Williams and Gonzalez, JJ.