OPINION OF THE COURT
Per Curiam.
Final judgment, entered August 23, 2005, reversed, with $30 costs, and final judgment awarded in favor of respondent Cedric Wilson dismissing the holdover petition.
Exercising our authority to review the record developed at the nonjury trial and render the judgment warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), we dismiss the licensee holdover petition upon our determination that appellant met his affirmative obligation of establishing succession rights to the rent-stabilized apartment here at issue. The trial court itself found, and it is now undisputed, that appellant, the son of the deceased cotenant Isabelle Wilson (hereinafter tenant), primarily resided in the subject two-bedroom apartment on a continuous basis since moving into the premises in November 1999. There was also a sufficient record showing that appellant and tenant shared the type of “simultaneous tenancy” (Matter of Glass v Glass, 29 AD3d 347, 349 [2006]) required by the governing succession regulation (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]) prior to tenant’s permanent vacatur in January 2003.* Significant in this regard is petitioner’s appellate concession that tenant, after living elsewhere, “moved [back] into” the apartment in 1999, and the unrefuted trial evidence conclusively establishing that tenant paid rent and executed renewal leases in her name, parked her car at the premises with petitioner’s written authorization, and lived and slept there — at least Mondays through Fridays — throughout the relevant time period.
Neither the tenant’s alleged weekend use of a New Jersey residence during the operative succession period nor her earlier *115 absences from the subject premises precludes a finding that appellant “resided with” the tenant in the apartment as that term is used in Rent Stabilization Code (9 NYCRR) § 2523.5 (b) (1). Nor should petitioner now be heard to invoke these or other claimed indicia of the tenant’s putative nonprimary residence as a means of countering appellant’s otherwise meritorious succession defense, inasmuch as petitioner failed to initiate the proper procedure for terminating the tenant’s leasehold on nonprimary residence grounds during her tenancy (see 235 W 71 St. LLC v Chechak, 16 AD3d 242 [2005]; PLWJ Realty v Gonzalez, 285 AD2d 370 [2001], lv dismissed 97 NY2d 676 [2001]). Appellant’s status as a successor tenant, firmly established at trial, relates back to the time of the tenant’s permanent vacatur (see 245 Realty Assoc. v Sussis, 243 AD2d 29, 35 [1998]), and cannot be retroactively vitiated by the landlord’s belated, posthumous allegations of nonprimary residence against the tenant.
McKeon, EJ., and Davis, J., concur.

 Tenant died in October 2003 while living in New Jersey. Her sister, cotenant Sarah Lightfoot, took up residence in a nursing home in 1999 and died there in January 2004. Appellant’s succession claim derives solely from his mother’s tenancy.