OPINION OF THE COURT
Per Curiam.
Final judgment, entered May 19, 2006, reversed, with $30 costs, final judgment awarded to landlord upon its cause of action for possession, and matter remanded to Civil Court for calculation of the amount of attorney’s fees and use and occupation due landlord. Issuance of the warrant of eviction shall be stayed for 30 days from the service of a copy of this order with notice of entry. Appeal from order, entered January 18, 2006, dismissed, without costs, as subsumed in the appeal from the final judgment.
Landlord commenced this holdover summary proceeding in November 2003 upon allegations that tenant Kutno did not primarily reside in the subject East 4th Street stabilized apartment and that respondent Wright was a mere licensee. Tenant acknowledged in an affidavit submitted during pretrial motion practice that he previously found “a new place to Uve,” and did not testify or contest the merits of the landlord’s nonprimary residence claim at trial. Instead, the focus of the trial centered on the succession claim raised by respondent Wright.
On the succession issue, the relevant trial evidence, including the proof offered by respondent Wright, showed that although she and tenant began Uving together in the demised premises in a spousal-type relationship during the mid-1980’s, their relationship had become “intolerable” by December 1999, when respondent Wright decided that she could no longer continue in the relationship and “delicately” informed tenant that she was “ending” the relationship. The couple separated, with Wright remaining in the apartment and tenant moving elsewhere. While Wright testified that it was not until some unspecified point in 2001 that she had a firm “sense” that the relationship was over, it is undisputed that whatever attempts at reconciliation the couple may have made were unsuccessful and that they did not co-occupy the apartment at any time after their initial *102 separation in December 1999. Despite the travails of the relationship, however, tenant continued to maintain a nexus with the apartment until at least October 31, 2003, executing a renewal lease (in his name only) extending through that date, paying rent, and staying in the apartment on what the trial court found to be a “sporadic” basis, limited to those occasions when Wright was away.
The succession claim advanced by respondent Wright must fail on the uncontroverted facts summarized above. No reasonable view of the evidence can support a finding that tenant permanently vacated the apartment premises until, at the earliest, October 31, 2003, when his last renewal lease expired and he no longer actively used the apartment. Notably, despite her attorney’s stated view at trial that “no clear, definitive” vacatur date existed, the appellate brief now submitted by respondent Wright expressly adopts October 31, 2003 as the date of tenant’s permanent vacatur. Measuring tenant’s permanent vacatur from that date, and given Wright’s own chronology vaguely placing the dissolution of her relationship with tenant between December 1999 and an unspecified point in 2001, there is simply no basis in the record to conclude that Wright resided with the tenant in the apartment or maintained a family-type relationship with him for the two-year period immediately preceding the tenant’s permanent vacatur, as required by Rent Stabilization Code (9 NYCRR) § 2523.5 (b) (1) (see 360 W. 55th St. L.P. v Anvar, 13 Misc 3d 7, 8-9 [2006]; see also Matter of Glass v Glass, 29 AD3d 347, 349 [2006]). Unlike a nonprimary residence proceeding in which it is “generally desirable” for the court “to evaluate the entire history of the tenancy” (615 Co. v Mikeska, 75 NY2d 987, 988 [1990]), our inquiry in this succession case is narrowly limited by the governing Code regulation to a clearly specified, finite time period, viz., the two-year period immediately preceding the tenant’s permanent vacatur. Though mindful that rent control and rent stabilization regulations are generally to be interpreted broadly to effectuate their remedial purpose (see Braschi v Stahl Assoc. Co., 74 NY2d 201, 208 [1989]), we may not rewrite the cited Code provision under the guise of interpretation so as to eliminate the temporal succession requirements plainly and prominently set forth therein.
Exercising our authority to review the record developed at the nonjury trial and render the judgment warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), we award landlord final *103 judgment upon its possessory cause of action and remand the matter for a determination of the fair market use and occupancy owed by respondent Wright (see Weiden v 926 Park Ave. Corp., 154 AD2d 308 [1989]) and the amount of attorney’s fees owed by tenant.
McKeon, EJ., McCooe and Schoenfeld, JJ., concur.