OPINION OF THE COURT
Gerald Lebovits, J.
In this summary holdover proceeding, petitioner seeks to evict Maya Churi and Michael Jones, the record tenants, on the ground that they allegedly do not occupy the subject rent-stabilized premises as their primary residence. (See Rent Stabilization Code [RSC] [9 NYCRR] § 2524.4 [c].) Petitioner now moves to strike the second affirmative defense of succession interposed by Ariel Churi, Maya Churi and Michael Jones’s family member. Petitioner’s motion to strike is predicated on an alleged inconsistency between Maya Churi and Michael Jones’s denial that they have vacated the premises and Ariel Churi’s defense that he may succeed to Maya Churi and Michael Jones’s tenancy.
Maya Churi and Michael Jones state in their response to petitioner’s bill of particulars that they have not permanently vacated the premises. Petitioner argues that if they did not permanently vacate the premises, family members like Ariel Churi are disqualified from claiming succession rights. Petitioner maintains that the claims that Ariel Churi has succession rights to the premises and that Maya Churi and Michael Jones have not permanently vacated the premises cannot stand together. For Ariel Churi to have a right to succeed, petitioner argues, he must prove (1) that Maya Churi and Michael Jones have permanently vacated the premises, and (2) that he occupied the premises with them for two years preceding their permanent vacatur.
Maya Churi and Michael Jones state that they have not permanently vacated the premises and, if they have, that Ariel Churi has valid succession rights to the premises. Respondents collectively maintain that they are authorized under CPLR 3014 to plead in the alternative valid succession rights and the absence of permanent vacatur. Ariel Churi asserts that he should be permitted to argue succession rights if the court finds *606 that Maya Churi and Michael Jones did not maintain the premises as their primary residence.
Succession may be granted to a proposed successor family member if a record tenant has permanently vacated the premises and both the record tenant and the putative successor co-occupied the premises as a primary residence for two years before the record tenant’s permanent vacatur. RSC § 2523.5 (b) (1) provides that
“if an offer [to renew the lease] is made to the tenant . . . and such tenant has permanently vacated the housing accommodation, any member of such tenant’s family . . . who has resided with the tenant in the housing accommodation as a primary residence for a period of no less than two years . . . immediately prior to the permanent vacating of the housing accommodation by the tenant . . . shall be entitled to be named as a tenant on the renewal lease.”
Courts permit succession only where a record tenant voluntarily vacates the premises. (See e.g. Claridge Gardens v Menotti, 160 AD2d 544, 545 [1st Dept 1990 mem]; Matter of Herzog v Joy, 53 NY2d 821, 822 [1981 mem].)
A finding that a tenant does not primarily reside at the premises is insufficient for a family member to claim succession rights to an apartment. To claim succession, a putative successor family member must show that the record tenant has completely surrendered the premises.
A record tenant who does not occupy the premises as a primary residence does not permanently vacate the apartment if the tenant maintains ties with it. Various courts have held that a determination that premises are not the tenant’s primary residence does not necessarily mean that the tenant has permanently vacated. (See e.g. 72A Realty Assoc. v Kutno, 15 Misc 3d 100, 102 [App Term, 1st Dept 2007 per curiam] [ruling that tenant who continued to maintain nexus with apartment by executing renewal lease, paying rent, and staying in apartment sporadically had not permanently vacated]; East 96th St. Co., LLC v Santos, 13 Misc 3d 133[A], 2006 NY Slip Op 51980[U], *2 [App Term, 1st Dept 2006 per curiam] [finding that although tenant moved to Florida, he maintained substantial ties with Manhattan apartment and thus did not permanently vacate premises]; 85 Fourth Partners, LP v Herbert, 18 Misc 3d 1112[A], 2008 NY Slip Op 50012[U], *2 [Hous Part, Civ Ct, NY County *607 2008] [finding that record tenant who continued to return to apartment during vacations, spending roughly six months each year, had not permanently vacated]; ST Owner LP v Nee-Chan, 16 Misc 3d 1122[A], 2007 NY Slip Op 51547[U], *5 [Hous Part, Civ Ct, NY County 2007] [finding that tenant did not maintain premises as her primary residence but noting that she did not permanently vacate because she continued to sign renewal leases, paid rent, received bills at apartment, might have visited apartment occasionally, and testified that she never surrendered premises]; Tuckahoe Rd. Partnership v Giananti, 135 Misc 2d 780, 785 [Yonkers City Ct 1987] [finding that just as primary residence might be found despite tenant’s absence, nonprimary residence might be found despite some presence by tenant].)
Although a tenant who permanently vacates an apartment does not reside there as a primary residence, the opposite is not necessarily true. It is possible for someone not to primarily reside at the premises and, at the same time, not to have permanently vacated the premises. The record tenant must have completely surrendered the premises before a remaining family member can claim a right to succeed. Because Maya Churi and Michael Jones assert that they have not permanently vacated the premises, they have not surrendered their possessory rights. Absent permanent vacatur, a putative successor may not claim a right to succeed even if a successor can show cooccupancy.
Petitioner’s motion to strike respondents’ second affirmative defense is granted.