[888 NYS2d 343]

St Owner LP, Petitioner, v Jane Doe, Respondent.

Civil Court of the City of New York, New York County, September 1, 2009

## APPEARANCES OF COUNSEL

*Belkin Burden Wenig & Goldman, LLP*, New York City (*David M. Skaller* of counsel), for petitioner. *Urban Justice Center*, New York City (*Garrett Wright* of counsel), and *Seward & Kissel, LLP*, New York City (*Mandy DeRoche* of counsel), for respondent.

## OPINION OF THE COURT

JOSEPH E. CAPELLA, J.

The tenant of record of the subject rent-stabilized apartment, Judith Ehrenberg, died on June 27, 2006. In October 2008, the petitioner commenced this licensee holdover proceeding, and the respondent appeared and interposed the affirmative defense of succession as an "immediate family member" as defined by Rent Stabilization Code (RSC) (9 NYCRR) § 2520.6 (n). According to the respondent, she is Judith Ehrenberg's granddaughter and resided with Judith during the two years prior to her death. Early in the proceeding, the respondent moved for summary judgment based upon her succession claim, and the petitioner cross-moved for discovery. Recognizing that facts essential to justify opposition may exist but could not be stated by the petitioner at the time without disclosure (CPLR 3212 [f]), the court granted the petitioner's motion for discovery and held the respondent's summary judgment request in abeyance. It is well settled that for purposes of succession, the respondent must establish that she is a family member who primarily resided in the subject apartment with Judith Ehrenberg for no less than two years before her death. (9 NYCRR 2523.5 [b] [1].) In marking the case off the calendar pending disclosure, the parties agreed that the appropriate period for same included the two years prior to the death of Judith Ehrenberg (i.e., June 2004-June 2006). Now that disclosure is complete, the respondent has renewed her request for summary judgment.

In reviewing the respondent's request for summary judgment, the court must determine whether there exists any issue(s) of fact regarding the respondent's succession claim. (*Tronlone v Lac d'Amiante Du Quebec*, 297 AD2d 528 [1st Dept 2002].) And although the only relevant time period is the two-year period prior to her grandmother's death (9 NYCRR 2523.5 [b] [1]), the respondent voluntarily provided information beyond the two

years. According to the respondent, she primarily resided in the subject apartment with her grandmother from August 2001 until her grandmother's death in June 2006. As documentary support of her family relationship, the respondent produced copies of various birth certificates to confirm her status as the granddaughter of the tenant of record. The respondent graduated from high school in June 2003, and in August 2003 she attended college at the State University of New York (SUNY) in Purchase, New York. She stayed on campus at student housing for two years, and returned to the subject apartment during semester breaks. In August 2005, the respondent went to China through a SUNY study abroad program, and remained there until January 2006, at which time she returned to the subject apartment for a few days and then resumed living on campus at SUNY Purchase. After completing her studies in May 2007, the respondent alleges that she has solely resided in the subject apartment.

The respondent attached a complete copy of her deposition transcript to her moving papers, and produced numerous documents in support of her cohabitation claim during the requisite two years. For instance, she produced federal and New York State tax returns in her name for the years 2001 through 2006, all of which list the subject apartment as her address. The respondent also produced Time Warner Cable bills, HSBC Bank and M&T Bank statements in her name[1] for the period of August 2003 through March 2008, all of which listed her address as the subject apartment. Government documents were also produced which listed the respondent's address as the subject apartment, including two New York State driver's licenses issued August 21, 2003 and September 6, 2006, respectively; a New York State Department of Motor Vehicles (DMV) interim license effective August 21, 2003; a New York State DMV photo license/ID card confirmation letter; a New York City Board of Elections notification regarding the 2006 elections and an acknowledgment notice dated March 11, 2008; two jury summons dated June 22, 2005 and December 14, 2005, as well as a juror's proof of service certificate dated June 6, 2006, each issued by the County Clerk and Clerk of the Supreme Court, New York County.

In reference to her allegations regarding her enrollment at SUNY, the respondent produced a multitude of documents list-

---

**1.** The M&T Bank statements listed both the respondent's name as well as her mother's.

ing the subject premises as her address, including a transcript containing her course of study for the semesters fall 2003 through spring 2007; a letter dated March 11, 2008 from the SUNY Office of the Registrar confirming her enrollment during the fall 2003 through spring 2007 semesters, and that her permanent address on record for that period was the subject premises; a SUNY statement of student fees for the fall 2003, fall 2004, and spring 2005 semesters; a letter dated January 27, 2004, confirming that the respondent was awarded a merit scholarship for the spring 2005 semester; a letter dated July 11, 2005 confirming that she was awarded a Purchase College scholarship for the 2005-2006 academic year and another letter detailing the terms of the scholarship; a letter dated July 26, 2004 from the SUNY Office of Residence and Campus Life listing her dormitory assignment; two letters dated June 22, 2005 and June 19, 2007, respectively, from SUNY confirming the respondent's placement on the Dean's list; a letter from July 2007 confirming that the respondent completed the SUNY requirements for her Bachelor's degree; a letter dated March 9, 2005 confirming her acceptance into Capital Normal University in Beijing; and a letter dated March 19, 2008 from the Social Security Administration.

In addition to providing the aforementioned documents confirming her residence, the respondent also produced documents substantiating her grandmother's residence at the subject apartment. In particular, she produced the following documents in her grandmother's name and listing the subject apartment as her address: federal and New York State tax returns for the years 2002 through 2005; a New York City Board of Elections notification regarding the 2006 elections; financial statements from 2003 and 2006; Metropolitan Property and Casualty Insurance Company renters declarations and policies commencing June 25, 1999, through the June 25, 2006 renewal; Social Security Administration letter dated July 30, 2005; Department of Treasury letter dated January 1, 2004; New York State United Teachers (NYSUT) correspondence dated August 17, 2004; Marsh Affinity Group Services (on behalf of NYSUT) correspondence dated May 2005; United Federation of Teachers Retired Teachers Chapter letter dated May 10, 2005; various medical records; Division of Housing and Community Renewal notice to tenant of major capital improvement rent increase application dated November 10, 2004; and miscellaneous correspondence from several entities, including the management company,

regarding the unit.[2] Based on the foregoing overwhelming evidence, the respondent has established a prima facie entitlement to succession.

The respondent having laid bare her proof, the burden now shifts to the petitioner to do likewise. (*W. W. Norton & Co. v Roslyn Targ Literary Agency*, 81 AD2d 798 [1st Dept 1981].) As already noted, the court granted the petitioner's discovery motion, and the petitioner has not sought any additional discovery (e.g., depositions of the respondent's parents or neighbors). Since the respondent established her prima facie claim, in order to defeat summary judgment, the petitioner must now produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient. (*Zuckerman v City of New York*, 49 NY2d 557 [1980].) The sole affidavit in opposition submitted by the petitioner is from an agent with no apparent personal knowledge of the facts—the affidavit primarily references some of the documentation submitted by the respondent and describes said evidence as "self-serving." The petitioner's affidavit neither contains factual assertions nor references information discovered by the petitioner which would refute the respondent's affirmative defense. It also references facts that are beyond the relevant two-year period. For example, the petitioner alleges that summary judgment is improper, in part, because the respondent's assertion that when she initially moved into the subject apartment she commuted to her old high school in New Jersey (i.e., from August 2001 through summer 2002) is incredible. Once again, the only relevant time period is the two-year period prior to Judith Ehrenberg's death (i.e., June 2004-June 2006) (9 NYCRR 2523.5 [b] [1]; *72A Realty Assoc. v Kutno*, 15 Misc 3d 100 [App Term, 1st Dept 2007]), and for all intents and purposes, the respondent could have initially moved into the subject apartment one month before said two-year period (i.e., May 2004), thereby eliminating any further discussion.

The petitioner also suggests that the respondent had an obligation to submit an affidavit from either of her parents

---

2. Including a letter dated October 15, 2004 from Metropolitan Insurance & Annuity Co. notifying Judith Ehrenberg of the transfer of ownership of the subject building; a letter dated October 8, 2004 from the "Lease Renewal Unit" regarding arrears allegedly due; a letter dated March 5, 2004 on Peter Cooper Village/Stuyvesant Town (PCV/ST) letterhead from the "Lease Renewal Unit" regarding renewal offer; and a letter dated November 19, 2004 from PCV/ST regarding J-51 tax abatement.

confirming their daughter's allegations; however, it is the petitioner's burden to raise a question of material fact. (*Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986].) Moreover, during the relevant time period, all of the respondent's evidence establishes that she was an adult woman attending college and living independently of her parents. Also, when the petitioner moved for discovery, it only sought to depose the respondent and not her parents or any other nonparties (e.g., neighbors), and no additional discovery was subsequently sought by the petitioner. And as already noted, at the time discovery was granted, the respondent's summary judgment motion was held in abeyance (CPLR 3212 [f]) in order to provide the petitioner with an opportunity to investigate whether facts essential to justify opposition *may exist* but could not be stated at that time without the benefit of disclosure. Having forsaken the opportunity to conduct additional discovery, the petitioner cannot now suggest that the respondent's parents may provide contradictory evidence or information that undermines the respondent's credibility (*Zuckerman v City of New York*, 49 NY2d 557 [1980], *supra*). The petitioner conducted a thorough deposition of the respondent, during which time it had the opportunity to undermine the respondent's credibility.[3] The respondent's testimony remained consistent, and her overwhelming documentary evidence does support her succession claim.

The sole document amongst the overwhelming documents produced by the respondent that the petitioner points to as creating an issue of fact is a tuition bill from the respondent's first semester at SUNY (fall 2003), which listed her as an out-of-state student. While the respondent disputes the accuracy of the information stated in this document and alleges that it was a misstatement due to a clerical error, the document itself is irrelevant because it is beyond the appropriate two-year period. (*72A Realty Assoc. v Kutno*, 15 Misc 3d 100 [2007], *supra*.) The petitioner's argument that the court must consider the respondent's primary residence more than two years prior to her grandmother's death is an incorrect statement of the law. And the cases cited by the petitioner in support of same (*615 Co. v Mikeska*, 75 NY2d 987 [1990]; *1234 Broadway, LLC v Jing Wu Chen*, 20 Misc 3d 1106[A], 2008 NY Slip Op 51249[U] [Civ Ct, NY County 2008]; *Berwick Land Corp. v Mucelli*, 170 Misc 2d 784 [App Term, 1st Dept 1996], *affd* 249 AD2d 18 [1998]) are

---

**3.** As already noted, the respondent attached a complete copy of her deposition transcript to her moving papers and the court has reviewed same.

all inapplicable since each was a nonprimary residence proceeding where the primary residence of the tenant of record, not a family member seeking succession, was at issue. The petitioner's further argument that the court should deem the respondent's primary residence to be that of her parents (i.e., New Jersey) while she attended high school is not only unsupported by the evidence, but as already noted, beyond the relevant time period. Moreover, this presumption may be rebutted by proof that the parents surrendered control and that such control was exercised by some other person with whom the child lived. (*Quiala v Laufer*, 180 AD2d 31 [1st Dept 1992].) Here, the respondent's overwhelming evidence demonstrates that she was living with her grandmother and was no longer under her parents' control.

The petitioner also argues that in order to fulfill the two-year cohabitation requirement for succession (9 NYCRR 2523.5 [b] [1]), the respondent must not only prove that she was enrolled as a full-time student (9 NYCRR 2523.5 [b] [2] [ii]), but also that she attended an out-of-state school and her decision to enroll at such school was "non-volitional." As to the former argument, the petitioner provides no case law to support such a reading of section 2523.5 (b) (2) (ii) of the RSC, which simply states that the two-year cohabitation period shall not be deemed interrupted when the family member is enrolled as a full-time student. Given this unambiguous language, the court must afford this section its plain meaning. (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205 [1976].) And as for the petitioner's contention that the respondent must have attended an out-of-state school, it erroneously relies upon *Braun v Fraydun Realty Co.* (158 AD2d 430 [1st Dept 1990]). In *Braun*, the First Department, in upholding a finding of succession, merely referenced the family member's attendance at an out-of-state school within the recitation of the facts. The petitioner's further reliance upon *530 Second Ave. v Gold* (NYLJ, June 28, 1985, at 12, col 1 [App Term, 1st Dept]) is likewise inappropriate because there too the Appellate Term merely referenced the family member's attendance at an out-of-state school. Neither appellate case suggests that section 2523.5 (b) (2) (ii) of the RSC requires attendance at an out-of-state school.

The petitioner also alleges that section 2523.5 (b) (2) (ii) of the RSC requires that the respondent demonstrate that she was compelled to reside at school rather than commute from the subject apartment, and it cites *315 E. 72nd St. Owners, Inc. v*

*Siegel* (22 Misc 3d 10 [App Term, 1st Dept 2008]) in support of same. In *Siegel*, the grandson seeking succession resided in Florida through his graduation from high school, and then moved to New York City for several weeks in anticipation of attending Columbia University. The grandson admitted that from the time of his arrival in New York City in the summer of 1998 through his grandmother's death in November 2001, he essentially lived in the apartment alone because his grandmother was convalescing in various hospitals, rehabilitation facilities and nursing homes. On these facts, the Appellate Term described the grandson's connection to his grandmother's apartment as "too fleeting and ephemeral" to attain succession (*id.* at 13). The Appellate Term never considered, much less established, a requirement that a family member first prove that he or she was compelled to reside at school before he or she can claim that his or her absence from the subject apartment during school was merely a temporary interruption in the cohabitation requirement for succession. Moreover, the respondent's succession claim before the court differs starkly from the facts presented in *Siegel* and therefore, this court deems that decision inapplicable to the instant facts.

Based upon the foregoing, this court is satisfied that the respondent is entitled to succeed to her grandmother's apartment, and her motion for summary judgment and dismissal of the proceeding is granted.