■ ACADIA REALTY LIMITED PARTNERSHIP, Respondent, v BENJAMIN O. RINGEL et al., Defendants. RCG LV DEBT IV NON-REIT ASSETS HOLDINGS, LLC, Proposed Intervenor-Appellant.
[11 NYS3d 59]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about December 12, 2014, which denied proposed intervenor's motion to intervene in this action and to vacate the default judgment in favor of plaintiff Acadia Realty Limited Partnership, and against defendants AC I Manahawkin LLC and AC I Manahawkin Mezz LLC, unanimously affirmed, with costs.

While the motion to intervene by proposed intervenor RCG LV Debt IV Non-REIT Assets Holdings, LLC (RCG) is timely (*see Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 [1st Dept 2010]), RCG has failed to demonstrate that it is entitled to intervene in this action for the purpose of trying to vacate a judgment entered on default against the Manahawkin defendants. The default judgment has no res judicata effect on RCG because a default is not a determination on the merits (*see Amalgamated Bank v Helmsley-Spear, Inc.*, 109 AD3d 418, 419 [1st Dept 2013], *leave dismissed* 22 NY3d 1148 [2014]).

Moreover, RCG has no "real, substantial interest in the outcome of this litigation" (*Yuppie Puppy Pet Prods., Inc.*, 77 AD3d at 201), since its right to recover on its loan was not cut off by the judgment. The fact that plaintiff might be paid before

RCG in the related bankruptcy proceedings is an insufficient basis for RCG's intervention here (see *Gladstein v Martorella*, 75 AD3d 465, 466 [1st Dept 2010]; *Taw Intl. Leasing v Overseas Private Inv. Corp.*, 57 AD2d 799, 799-800 [1st Dept 1977]). RCG has also failed to demonstrate that it has a meritorious defense; indeed, it raises no defenses of its own (see *Amalgamated Bank v Helmsley-Spear, Inc.*, 109 AD3d at 420).

Nor is RCG an interested party (see *Nachman v Nachman*, 274 AD2d 313, 315 [1st Dept 2000]). Further, judicial assistance is not required to avoid injustice, since the Manahawkin entities have twice tried, and failed, to vacate the judgment relying on the same arguments made here by RCG (*id*). Concur—Tom, J.P., Renwick, Andrias, Manzanet-Daniels and Kapnick, JJ.