951 LLC, Petitioner-Landlord-Respondent,
against
Hazel Carasco, Respondent-Tenant-Appellant, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenant appeals from a "decision and order" and a final judgment of the Civil Court of the City of New York, New York County (Peter M. Wendt, J.), each entered on or about February 11, 2015, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam. 
Final judgment (Peter M. Wendt, J.), entered February 11, 2015, affirmed, with $25 costs. Appeal from "decision and order" (Peter M. Wendt, J.), entered on or about February 11, 2015, dismissed, without costs, as subsumed in the appeal from the final judgment.
We find no cause to disturb the trial court's determination that tenant did not primarily reside at the stabilized Manhattan apartment. The undisputed evidence established that tenant was not present in the apartment at all during the two-year term of the last renewal lease and was, instead, in Barbados, where she owns a house and car, and is licensed to drive (see Berwick Land Corp. v Mucelli, 249 AD2d 18 [1998]). 
Nor do we have cause to disturb the court's finding that tenant's absence was not temporary and excusable (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 22 [2009]; see also 409-411 Sixth St. LLC v Mogi, 112 AD3d 558, 558 [2013]). The evidence supports a finding that tenant abandoned the apartment as her primary residence (see Manhattan Transfer, L.P. v Quon, 36 Misc 3d 136[A], 2012 NY Slip Op 51372[U] [App Term, 1st Dept 2012]). The evidence showed, and the trial court found, that tenant left for Barbados on July 24, 2009, one day after a prior nonprimary residence proceeding was resolved, and "never returned to or visited the subject premises at any time" until March 2012, which was after the commencement of this proceeding. During tenant's 2½-year uninterrupted absence, all her New York bills were paid by automatic payments; she failed to file federal or New York State tax returns for 2009, 2010, and 2011; she [*2]listed the Barbados house on sworn documents as her residence; maintained utilities at the Barbados house, and received bank statements, as well as utility, cellular phone and home insurance bills there; had her car registered and insured in Barbados, where she was licensed to drive; and was treated by Barbadian doctors and dentists. Indeed, tenant candidly admitted that she "assumed" that she did not have to return to the apartment during the period of the renewal lease. Clearly, tenant did not have the type of "ongoing, substantial, physical nexus with the [rent regulated] premises for actual living purposes ... that would justify affording the tenancy continued protection under the rent stabilization laws" (Berwick Land Corp. v Mucelli, 249 AD2d at 18-19, quoting Emay Props. Corp. v Norton, 136 Misc 2d 127, 129 [1987]).
We note that the isolated misstatement in the court's comprehensive written decision regarding the dates of tenant's presence in Bermuda, did not undermine the court's otherwise proper resolution of this matter (see generally Pordy v Scot Serv Co., 15 AD2d 911 [1962]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 29, 2016