528 West 123rd Street LLC, Petitioner-Landlord-Respondent, 
against
Franklin Baptiste, "John Doe" and "Jane Doe," Respondents-Licensees-Appellants,



Respondent Aaron Eustay appeals from that portion of a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered November 14, 2016, after a nonjury trial, which awarded landlord possession against him in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered November 14, 2016, insofar as appealed from, affirmed, with $25 costs.
Giving due deference to the trial court's findings of fact and credibility (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]), we agree that appellant Eustay did not meet his affirmative obligation to establish succession rights to the subject SRO unit. The record shows that appellant did not "reside with" with his father, the deceased stabilized tenant, for the requisite two-year period immediately preceding the father's death in May 2015 (Rent Stabilization Code [9 NYCRR] § 2523.5 [b][1]). Appellant, who began residing with his father in August 2012, has been incarcerated since November 2013, and will remain incarcerated until at least March 2021, which is his earliest possible release date. Thus, the required "simultaneous tenancy" (Matter of Glass v Glass, 29 AD3d 347, 349 [2006]) by appellant with the stabilized tenant for the two years immediately prior to the tenant's death was absent.
We reject, as did the trial court, appellant's contention that his prolonged (eight-and-one-half year) incarceration, which resulted in his physical absence from the premises for 18 months during the relevant two-year period, is a protected temporary absence pursuant to the safe harbor protection of RSC § 2523.5(b)(2) (see Emay Props. Corp. v Norton, 136 Misc 2d 127 [1987]; see also RSC § 2520.6[u][3]). RSC § 2523.5(b)(2), whose terms protect from eviction a family member who "temporarily relocates" from a stabilized apartment for certain enumerated reasons (i.e., military service, full time student, relocation for employment) and whose residency would otherwise be "interrupted" by the relocation, cannot be read so broadly as to allow a would-be successor to stake a claim to a stabilized unit based upon a short-term (15-month) occupancy of [*2]the unit, followed by a lengthy incarceration, which resulted in a physical absence from the premises for the 18 months immediately preceding the tenant's death. Adopting the contrary construction urged by appellant, and allowing him to succeed to an apartment from which he was physically absent for several years and cannot occupy until 2021, would hardly serve to further the purpose of the Code's family succession provision, namely, to allow "continuity in possession" by a qualified family member not named on the lease (245 Realty Assoc. v Sussis, 243 AD2d 29, 32 [1998], quoting Hughes v Lenox Hill Hosp., 226 AD2d 4, 15 [1996], lv denied 90 NY2d 829 [1997]), or the Code's primary residence requirement, which was intended to alleviate the shortage of affordable housing in New York City by returning underutilized apartments to the marketplace (see Hughes v Lenox Hill Hospital, 226 AD2d 4, 15-16 [1996], lv denied 90 NY2d 829 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 28, 2018