Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC (2019 NY Slip Op 05095)





Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC


2019 NY Slip Op 05095


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9732 651657/17

[*1]Atlas MF Mezzanine Borrower, LLC, etc., Plaintiff-Respondent,
v
Macquarie Texas Loan Holder LLC, etc., et al., Defendants-Appellants, 
Global Integrity Investors, LLC, Proposed Intervener-Appellant.


Dechert LLP, New York (Gary J. Mennitt of counsel), for Macquarie Texas Loan Holder LLC, appellant.
Quinn Emanuel Urquhart & Sullivan LLP, New York (Andrew J. Rossman of counsel), for KKR REPA AIV-2 L.P. and KRE LRP Osprey Venture LLC, appellants.
Mitchell Madden, LLP, Dallas (Mitchell Madden of the bar of the State of Texas, admitted pro hac vice, of counsel, for Global Integrity Investors, LLC, appellant.
Meister Seelig & Fein LLP, New York (Stephen B. Meister of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 17, 2018, which denied proposed intervenor's (Global) motion to intervene, unanimously affirmed.
Global did not demonstrate that it will be bound by any judgment in this action (see CPLR 1012[a][2]). Indeed, its issues are not before the court in this action (see East Side Car Wash v K.R.K. Capitol, 102 AD2d 157, 160 [1st Dept 1984], appeal dismissed 63 NY2d 770 [1984]). Whereas plaintiff's claims involve a $71 million mezzanine loan from defendant Macquarie Texas Loan Holder LLC to plaintiff Atlas Borrower, Global's claims involve a completely separate $3 million loan to nonparty Atlas Apartment Holdings, LLC (Holdings). Moreover, Global is litigating its rights against Holdings in an action pending in Texas (see id.; Ocelot Capitol Mgt., LLC v Hershkovitz, 90 AD3d 464, 465 [1st Dept 2011]). Additionally, as any claim by Global as to excess proceeds is speculative, Global's reliance on CPLR 1012(a)(3), which provides that a party has the right to intervene in an action "when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment," is misplaced. Nor, contrary to Global's
contention, do its claims and this action have a common question of fact or law (CPLR 1013; see Taw Intl. Leasing v Overseas Private Inv. Corp., 57 AD2d 799 [1st Dept 1977]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK