Mena v 485 Seventh Ave. Assoc. LLC (2021 NY Slip Op 06049)





Mena v 485 Seventh Ave. Assoc. LLC


2021 NY Slip Op 06049


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 20345/17E Appeal No. 14560 Case No. 2021-00208 

[*1]Edwin Mena, Plaintiff-Respondent,
v
485 Seventh Avenue Associates LLC, et al., Defendants-Appellants. 


O'Toole Scrivo, LLC, New York (Larry C. Green of counsel), for appellants.
Kenneth J. Gorman, New York, for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered on or about June 26, 2020, which, to the extent appealed from, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that he was performing demolition, using a motorized chipping hammer to remove part of a wall directly adjacent to the ceiling, when a concrete slab from the ceiling collapsed on him, knocking him five and one-half to six feet off a scaffold and onto the ground.
To prevail on a Labor Law § 240(1) claim based on an injury resulting from the failure of a completed and permanent building structure — here, a slab from a ceiling — a plaintiff must show that the failure of the structure was a foreseeable risk of the task he was performing, creating a need for protective devices of the kind enumerated in the statute (see Clemente v 205 W. 103 Owners Corp., 180 AD3d 516, 517 [1st Dept 2020]).
Plaintiff established prima facie that the collapse was foreseeable, and thus, that he was entitled to summary judgment on liability on his Labor Law § 240(1) claim. Photographs of the accident site show that the wall plaintiff was removing with the chipping hammer was directly adjacent to the slab that collapsed and fell on him. The photographs also show that the entire area, including the ceiling, appears to be in partially demolished condition, and it is reasonable to believe that plaintiff's work would create a risk of collapse (see Jones v 414 Equities LLC, 57 AD3d 65, 73-74, 78 [1st Dept 2008]; see also Garcia v Neighborhood Partnership Hous. Dev. Fund Co., 113 AD3d 494, 495 [1st Dept 2014]). Furthermore, even assuming plaintiff fell from one of the scaffolds on-site that had guardrails, the fact remains that the safety devices provided to plaintiff did not properly protect him from an elevation-related hazard (see Angamarca v Silverstein Props., Inc.16 AD3d 242 [1st Dept 2005]).
Notwithstanding defense counsel's able argument, the evidence upon which defendants rely in opposition to the motion on the § 240(1) claim fails to rebut plaintiff's prima facie case. The testimony by a superintendent that he and a fellow superintendent inspected the area to review the scope of the work before demolition offers no evidence about the condition of the ceiling before the collapse or what the inspection consisted of,
nor is there any written documentation of the inspection.
Our determination as to Labor Law § 240(1) renders the remainder of defendants' appeal academic (see Guaman v 1963 Ryer Realty Corp., 127 AD3d 454, 456 [1st Dept 2015]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021