■ STANLEY AKIVIS et al., Appellants, v NORMAN DRUCKER et al., Respondents.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered June 29, 1990, which, *inter alia,* granted the motion of defendant Norman Drucker for reargument, and upon reargument, vacated the prior order entered November 30, 1989, and granted the motion and cross-motion of defendants for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiffs commenced this action to recover use and occupancy for the period from June 1985 to April 30, 1989, contending that defendants remained in possession of the premises after the expiration of their written lease. After issue was joined, defendant Drucker moved for summary judgment, contending, *inter alia,* that he was merely a guarantor under the lease which guarantee terminated after expiration of the written lease, and alternatively, that he could not be held liable for rental payments for a new five year lease pursuant to Real Property Law § 232-c. The court denied

the motion, finding the existence of material issues of fact with respect to whether said defendant was a guarantor or a tenant. Defendant Drucker moved for renewal and reargument, submitting, at oral argument, a letter from plaintiff's attorney which identified Drucker as a "Tenancy Guarantor." No objection was made to the submission of this document. The court thereafter granted reargument and dismissed the complaint, finding that a month-to-month tenancy had been created pursuant to Real Property Law § 232-c.

Although plaintiffs contend that the court should not have considered the letter of their counsel submitted at oral argument, in determining whether defendant Drucker was a tenant or a guarantor, we note that there was no objection to consideration of the document. Further, a determination of Drucker's status is ultimately inconsequential, since it does not affect the determination that, by operation of Real Property Law § 232-c, the court properly found that a month-to-month tenancy had been created, and that defendants could thus not be held liable for rental obligations for a new five year term. We see no abuse of discretion in the granting of the motion for reargument. (*Rodney v New York Pyrotechnics Prods. Co.,* 112 AD2d 410.) Further, we find that the issue whether defendants occupied the premises after August 31, 1985, was resolved in a prior Civil Court proceeding, and may not be relitigated (*Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71). Nor was there any proof presented with respect to damages to the premises prior to that date with respect to the cause of action for vandalism. Thus, as plaintiffs failed to set forth sufficient proof in evidentiary form, the court was correct in granting the motion and cross-motion for summary judgment (*Zuckerman v City of New York,* 49 NY2d 557). Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.