OPINION OF THE COURT
Michael D. Stallman, J.
Can an owner maintain a nonpayment eviction proceeding, under an expired lease, for rent which accrued long after the expiration of the lease, and after the tenant stopped paying rent as a month-to-month tenant? Is the tenant liable for rent at the rate of the expired lease?
Petitioner commenced this commercial summary proceeding against respondent based on nonpayment of rent for the period October 1, 1992 through July 31, 1993. Respondent moves for summary judgment dismissing the petition for failure to state a cause of action and in the alternative, for disclosure. Petitioner cross-moves to amend the petition to date and for summary judgment and alternative relief.*
It is undisputed that respondent paid all of the rent due during the lease term, that the lease expired on January 31, 1990 and that respondent continued to make monthly payments in the lease amount for approximately six months. Respondent contends that it first became aware during the summer of 1990 that the lease had expired. Respondent asserts that, after learning that the lease had expired while the parties were negotiating a new lease, respondent continued to pay rent without prejudice to petitioner, as evidenced by cancelled checks for the period November 1990 through October 1992. After respondent stopped making monthly payments, petitioner commenced this nonpayment proceeding in August 1993.
In 1959, the Legislature enacted Real Property Law § 232-c *499 to cure an inequity in the previous law. (L 1959, ch 114, § 3.) Under former law, payment and acceptance of rent would have caused a holdover tenant to be bound to a new, full term under the terms of the prior lease. Current law recognizes that a holdover tenant, by continuing to pay rent, and an owner, by continuing to accept it, have crafted only a month-to-month tenancy. (See, Akivis v Drucker, 177 AD2d 349.)
A month-to-month tenancy, by its nature, is renewable by the parties’ conduct, i.e., by continued payment and acceptance of agreed-upon amounts each month. When the parties no longer agree to continue the relationship, either party can terminate it. However, if the tenant does not voluntarily surrender, the owner must serve a statutory notice of termination at least 30 days before expiration of the monthly term, as a condition precedent to bringing a holdover proceeding. (Real Property Law § 232-a; see, Weiden v 926 Park Ave. Corp., 154 AD2d 308.)
Petitioner’s acceptance of respondent’s monthly payments created a month-to-month tenancy, by operation of law, which could be terminated only by service of a 30-day notice. Indeed, in the subdivision of its papers entitled "Respondent Is A Holdover Tenant”, petitioner concedes that a holdover tenancy results when a tenant remains in occupancy after the expiration of its lease, and that, when a tenant continues to pay the rent, a month-to-month tenancy results. Petitioner, however, incorrectly assumes that the tenant remains obligated to pay rent at the lease rate even after the parties cease paying and accepting rent, as if an agreement on rent still existed.
In a holdover proceeding, the petitioner is entitled to seek use and occupation for the fair and reasonable value of the premises during the period of such use and occupation. (Real Property Law § 220; RPAPL 749 [3]; see, Beacway Operating Corp. v Concert Arts Socy., 123 Misc 2d 452 [lease amount probative but not conclusive].) Petitioner here chose not to serve the Real Property Law § 232-a termination notice, knowing that there was no current agreement on the amount of rent. To permit petitioner to maintain a nonpayment proceeding under these circumstances, seeking payment at the lease rate would permit a landlord unilaterally to bind a tenant to payment at a rate predicated on a continuing agreement, even though there no longer was a meeting of the minds. Such a result would vitiate the intent of Real Property Law § 232-c.
*500 Real Property Law § 232-a was intended to protect month-to-month tenants by mandating that they be given adequate notice of the owner’s intention to recover the premises. (See, Graf v Miller, 202 Misc 887.) Service of the notice is necessary for the owner to terminate the tenant’s right to possession; it is thus an indispensable predicate for a holdover proceeding. However, nothing in the statute authorizes an owner to forbear indefinitely from serving the notice and thereby hold the tenant liable for rent at the prior rate.
Real Property Law §§ 232-a and 232-c must be read in pari materia so as to avoid interpreting either provision in a manner that would undermine the other provision. Thus, lack of service of a Real Property Law § 232-a notice means only that the owner may not bring a holdover proceeding. It does not authorize or permit the owner to maintain a nonpayment proceeding. It does not empower either party to bind the other to the rental rate of the expired lease. It means only that the tenant may remain in possession, liable for the reasonable value of the space.
Moreover, the petition is fatally defective because it fails to state the facts upon which the proceeding is based. (RPAPL 741 [4].) Specifically, paragraph 3 of the petition álleges that respondent entered into possession pursuant to a rental agreement dated October 26, 1987 for a period commencing February 1, 1988 and expiring January 31, 1990; paragraph 5 alleges that pursuant to said agreement there was due to landlord rent in the amount of $85,165.85” (emphasis added). This allegation is not correct, and is contradicted by the factual showing on this motion, including the allegations in petitioner’s papers. The lease had already expired before the "rent” sought in this proceeding began to accrue.
This nonpayment proceeding therefore cannot be maintained. Absent a meeting of the minds, no agreement exists regarding the monthly rental rate. This proceeding, predicated on respondent’s default under a lease, lacks legal basis. (See, Oz v Stolpen, NYLJ, Dec. 9, 1992, at 22, col 6.)
Accordingly, summary judgment is granted dismissing the complaint. This proceeding is dismissed without prejudice to a holdover proceeding, or a plenary action for the value of past *501 and presently accruing use and occupation, which, of course, may be less than, or greater than, the amount sought at the lease rate.
Respondent’s motion for disclosure is denied as moot. Petitioner’s cross motion is denied.

 Pursuant to the parties’ request, this motion was held in abeyance pending the conclusion of substantial, protracted settlement negotiations. By letter dated May 6, 1994, pursuant to mutual agreement at the last conference, petitioner’s attorneys informed the court that a settlement could not be reached and asked the court to mark the motion submitted for decision.