(August 19, 1996)

■ Ethel Akivis, as Executrix of Stanley Akivis, Deceased, et al., Plaintiffs, v Norman Drucker, Defendant, Robert Abrams, as Attorney-General of the State of New York, et al., Respondents, and Albert Augenbraun et al., Respondents-Appellants. Helen B. Rudman, as Executrix of Murray Rudman, Deceased, Nonparty Appellant-Respondent. [646 NYS2d 831] —In an action for a judgment declaring, *inter alia,* that a panel of the Appellate Division, First Department, "acted without constitutional authority," the nonparty Helen B. Rudman, as executrix of the estate of Murray Rudman, appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, New York County (Nardelli, J.), dated March 30, 1993, as, upon dismissing the complaint, imposed a $5,000 sanction against Murray Rudman, and (2) an order of the same court (Tolub, J.), entered July 21, 1993, as, upon reargument, adhered to so much of the prior determination as imposed a $5,000 sanction, and the defendants Albert Augenbraun, Action Surplus & Trading, Inc., A. Braun & Co., and Albert Augenbraun d/b/a A. Braun & Co. cross-appeal from so much of the order entered July 21, 1993, as adhered to so much of the prior determination as denied their cross motion for costs and attorneys' fees pursuant to 22 NYCRR part 130.

Ordered that the appeal from the order dated March 30, 1993, is dismissed, as that order was superseded by the order entered July 21, 1993, made upon reargument; and it is further,

Ordered that the order entered July 21, 1993, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs, by their attorney, the appellant's decedent, commenced this action in the Supreme Court, New York County, for a judgment declaring, *inter alia,* that a decision and order issued by the Appellate Division, First Department, on an appeal in an action entitled *Akivis v Drucker* (177 AD2d 349) emanated from a judicial panel "which acted without constitutional authority". The complaint also named as

defendants the cross appellants who were defendants in *Akivis v Drucker, (supra)*. By order dated March 30, 1993, the Supreme Court, New York County (Nardelli, J.), dismissed the complaint, noting that "a disgruntled litigant may not collaterally attack an unfavorable order by bringing a separate action or proceeding against the judges who rendered it", and imposed a $5,000 sanction against the appellant's decedent. The Supreme Court also dismissed, *inter alia*, the branch of the cross appellants' cross motion which was for costs and attorneys' fees. The appellant filed an appeal from that order and moved to reargue the imposition of sanctions. The cross appellants cross-moved to reargue the branch of their cross motion which was for costs and attorneys' fees. The Supreme Court, New York County (Tolub, J.), by order entered July 21, 1993, granted reargument and adhered to the prior determination. The appeal from the order dated March 30, 1993, and the appeal and cross appeal from the order entered July 21, 1993, were transferred to this Court by the Appellate Division, First Department, by order entered October 25, 1994.

We find that the Supreme Court properly determined that the complaint in this action, verified solely by the appellant's decedent, as attorney for the plaintiffs, is completely without merit in law or in fact and therefore the court did not improvidently exercise its discretion in imposing a $5,000 sanction, which we find to be reasonable on the facts of this case (*see generally, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway*, 76 NY2d 411).

The court also properly found that the cross appellants were not entitled to costs and attorney's fees pursuant to 22 NYCRR part 130. Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.