OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the notice of appeal from the oral order is deemed to be a premature notice of appeal from the final judgment (see CPLR 5520 [c]); and it is further, ordered that the final judgment is reversed, without costs, the oral order is vacated, and tenants’ oral motion to dismiss the petition is denied.
When this nonpayment summary proceeding came on for trial, tenants’ attorney stated that tenants were surrendering possession, and moved to dismiss the petition, arguing that the tenancy was month-to-month, as the lease had expired, and that a nonpayment proceeding cannot be maintained against month-to-month tenants. Landlord’s attorney disputed the contention that the written lease, which he claimed was for a month-to-month tenancy, had expired, and argued that the rent had continued on a month-to-month basis. Without holding a trial, the District Court orally granted tenants’ motion to dismiss, on the ground that possession was not in issue. A final judgment was subsequently entered, from which we deem landlord’s appeal from the oral order to have been taken (see CPLR 5520 [c]).
Contrary to the District Court’s ruling, the fact that tenants had surrendered possession was not a basis to dismiss the petition. While a surrender of possession after the commencement of a summary proceeding terminates the tenancy (see Pat *33 chogue Assoc. v Sears, Roebuck & Co., 37 Misc 3d 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), it does not divest the court of jurisdiction over the proceeding (Sowalsky v MacDonald Stamp Co., 31 AD2d 582 [1968]; Bahamonde v Grabel, 34 Misc 3d 58, 62 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; Lido Realty, LLC v Thompson, 19 Misc 3d 144[A], 2008 NY Slip Op 51105[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
The petition states that tenants are in possession pursuant to a written agreement, and landlord claimed that the agreement remained in effect. The fact that landlord did not submit the lease is of no consequence, as the court dismissed the petition without giving landlord an opportunity to introduce evidence. Contrary to tenants’ contention, there is no requirement that the lease be appended to the petition.
In any event, tenants’ contention that a nonpayment proceeding cannot be maintained against them because they are month-to-month tenants is not correct. In the leading case relied upon by tenants, 1400 Broadway Assoc. v Lee & Co. of NY (161 Misc 2d 497 [Civ Ct, NY County 1994]), the Civil Court reasoned that a month-to-month tenancy “is renewable by the parties’ conduct, i.e., by continued payment and acceptance of agreed-upon amounts each month” (161 Misc 2d at 499). It further stated that to permit a landlord
“to maintain a nonpayment proceeding [against a month-to-month tenant who fails to pay rent] seeking payment at the lease rate would permit a landlord unilaterally to bind a tenant to payment at a rate predicated on a continuing agreement, even though there no longer was a meeting of the minds.
Such a result would vitiate the intent of Real Property Law § 232-c.”
We do not agree with this reasoning.
Real Property Law § 232-c provides:
“Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant’s holding over. In the case of such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant, or, if the landlord shall accept rent for any period subsequent to the expiration of such term, then, unless an agreement either express or *34 implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day after the expiration of such term.”
This statute was enacted “to change, in the case of tenants whose term is longer than one month, the common law rule that a holdover tenant may be held as tenant for a new term” (Rep of Law Rev Commn, 1959 NY Legis Doc No. 65 [D] at 141; see United Mut. Life Ins. Co. v ICBC Corp., 64 AD2d 506, 508 [1978]). However, Real Property Law § 232-c is inapplicable to month-to-month tenants, since the term of a month-to-month tenancy is not “longer than one month” (see Bleecker St. Tenants Corp. v Bleeker Jones LLC, 65 AD3d 240, 245 [2009] [each month of a month-to-month holdover tenancy “that results by operation of law when a lease expires ... is a new term for a new period, each a separate and new contract”], revd on other grounds 16 NY3d 272 [2011]). Thus, Real Property Law § 232-c did not abolish a landlord’s right to elect to hold a month-to-month tenant for a new term solely by virtue of his holding over. Indeed, the requirement of Real Property Law § 232-b— that both a landlord and a tenant wishing to terminate a month-to-month tenancy must give a month’s notice — remains unaffected by the subsequent enactment of Real Property Law § 232-c. Here, both the making of a rent demand by landlord and the commencement of a nonpayment proceeding constitute an election by landlord to treat the holdover tenants as tenants for a new term and not as trespassers (see 2 Friedman on Leases § 18:4 [5th ed]). Their month-to-month tenancy continues on the same terms as were in the expired lease, if, in fact, the lease has expired (see City of New York v Pennsylvania R.R. Co., 37 NY2d 298, 300 [1975]). Consequently, even if the lease has expired, as tenants claim, this nonpayment proceeding should not have been dismissed.
Accordingly, the final judgment is reversed, the oral order granting tenants’ oral motion to dismiss is vacated, and tenants’ motion is denied.
LaSalle, J.P, Molía and Iannacci, JJ., concur.