6340 NB, LLC v Scuba Freedom, Inc. (2023 NY Slip Op 51402(U))

[*1]

6340 NB, LLC v Scuba Freedom, Inc.

2023 NY Slip Op 51402(U)

Decided on December 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-906 N C

6340 NB, LLC, Respondent,
against
Scuba Freedom, Inc., Doing Business as Scuba Network and Martha Braizblut, Also Known as Martha Katz, Appellants. 

David A. Gallo & Associates, LLP (Robert M. Link of counsel), for appellants.
Rosenberg, Calica & Birney, LLP (William J. Birney of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (William Hohauser, J.), dated October 20, 2022. The order, insofar as appealed from and as limited by the brief, upon denying as moot the branch of landlord's motion seeking summary judgment on so much of the petition as sought possession in a holdover summary proceeding, granted the branches of landlord's motion seeking summary judgment on so much of the petition as demanded rental arrears and use and occupancy in the amount of $74,118.71, and so much of the petition as sought attorney's fees to the extent of awarding $7,325.60.

ORDERED that the order, insofar as appealed from, is affirmed, without costs, and, upon searching the record, so much of the order as denied, as moot, the branch of landlord's motion seeking summary judgment on so much of the petition as demanded possession is reversed and that branch of the motion is granted. 
Landlord commenced this commercial holdover proceeding in July 2020. After issue was joined, tenant vacated the subject commercial space. Landlord subsequently moved for summary judgment seeking possession, rental arrears and use and occupancy, to dismiss tenant's counterclaims, and for an award of attorney's fees. In an order dated October 20, 2022, the District Court (William Hohauser, J.) noted that tenant was no longer in possession and, insofar as is relevant to this appeal, in effect, denied as moot the branch of landlord's motion seeking summary judgment on so much of the petition as sought possession and granted the branches of landlord's motion seeking summary judgment on so much of the petition as demanded rental arrears and use and occupancy, and on so much of the petition as sought attorney's fees to the extent of awarding landlord $7,325.60. The order directed the clerk of the court to enter a money judgment in favor of petitioner for the amount of rent and use and occupancy due, $74,118.71, as [*2]well as $7,325.60 representing partial attorney's fees. To date, no judgment has been entered. Tenant argues on appeal that the order should be reversed, "to the limited extent of its granting summary judgment in favor of Landlord in the amount of $74,118.71 pursuant to Section 18 (a) and $7,325.60 pursuant to Section 18 (b) of the Lease." 
Contrary to tenant's argument on appeal, landlord was not required by the lease to serve a termination notice, as the commercial lease was for a definite term (see Real Property Law § 232-b; BGB Realty, LLC v Annunziata, 12 Misc 3d 136[A], 2006 NY Slip Op 51270[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Tenant's contentions relating to the COVID-19 pandemic are also unavailing. The letters sent by landlord to tenant in February and June 2020 regarding tenant's lease termination date in April 2020 and subsequent holding over were not in violation of the Executive Order promulgated by then-Governor Cuomo in place during that period (see Executive Order [A. Cuomo] No. 202.8 (9 NYCRR 8.202.8) ["There shall be no enforcement of either an eviction of any tenant residential or commercial, or a foreclosure of any residential or commercial property for a period of ninety days"]). The letters did not constitute "enforcement" of an eviction; moreover, the letters noted that a proceeding would not be commenced until legally permitted (see Ruru & Assoc. LLC v Weinberg Holdings LLC, 78 Misc 3d 132[A], 2023 NY Slip Op 50392[U] [App Term, 1st Dept 2023]). Tenant failed to provide a basis to reverse the order by alleging it was "impossible" to comply with the lease due to the restrictions in place during the pandemic, as "the pandemic cannot serve to excuse a party's lease obligations on the grounds of frustration of purpose or impossibility" (Fives 160th, LLC v Qing Zhao, 204 AD3d 439, 440[2022]; see 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 562 [2021], appeal dismissed, 37 NY3d 1040 [2021]).
We note that, although this court agrees with the lower court's determinations insofar as they rejected the same arguments which tenant now raises on this appeal, this court cannot simply affirm the order insofar as appealed from because the order improperly awards landlord a money judgment without a concomitant award of possession to landlord (see Carney Realty Corp. v Elite Tent & Party Rental, 73 Misc 3d 141[A], 2021 NY Slip Op 51197[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; Fieldbridge Assoc., LLC v Sanders, 70 Misc 3d 140[A], 2021 NY Slip Op 50128[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1, 4 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). However, this court is permitted to search the record (see CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]), and here it is appropriate to do so. Upon searching the record, we find that landlord demonstrated that tenant held over after the termination of the commercial lease by its own terms. Tenant's arguments on appeal do not provide a basis to deny landlord possession (see Tricarichi v Moran, 38 Misc 3d 31 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]) or require the reversal of so much of the order as awarded landlord rent, use and occupancy, and a portion of landlord's attorney's fees. 
Accordingly, so much of the order, as addressed in tenant's brief, which order awarded landlord $7,325.60 in attorney's fees and $74,118.71 in rental arrears and use and occupancy, is affirmed. Further, as the record demonstrates that landlord was entitled to possession of the subject premises, we reverse so much of the order as denied, as moot, the branch of landlord's motion seeking possession and grant that branch of landlord's motion.
EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 14, 2023